438 P.2d 890

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David C. MARQUEZ, Defendant-Appellant.**

**No. 8503.**

Supreme Court of New Mexico.

March 25, 1968.

Paul Snead, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

This is an appeal from an order denying defendant's motion filed under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)]. Defendant was granted a hearing upon his motion, and he personally appeared and testified in support of his contentions.

By amended information filed February 18, 1964, defendant was charged in Count 1 with burglary and in Count 2 with larceny. An attorney was appointed to represent him. On March 2, 1964, he and his attorney appeared before the court and entered a plea of not guilty to both counts. He was released under bond on March 9, 1964.

On April 15, 1964, he and his attorney again appeared before the court, withdrew the plea of not guilty to Count 1, and entered a plea of guilty to the charge therein. Thereupon the State's motion to dismiss Count 2 was granted.

■ Defendant asserts several grounds in support of his motion to vacate the judgment and sentence imposed pursuant to his guilty plea. Proceedings under Rule 93 are civil [State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); State v. Weddle, 77 N. M. 420, 423 P.2d 611 (1967) ], and the burden was on defendant to prove his claims. Estep v. United States, 251 F.2d 579 (5th Cir.1958); United States v. Trumblay, 234 F.2d 273 (7th Cir.1956); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). This he failed to do. Compare State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967).

■ ■ He first raises questions concerning the legality of his arrest and detention prior to his release on bond. The record fails to show any violation of his rights in this regard. Even had there been irregularities in connection with his arrest and detention, they could not now be raised, after the entry of a voluntary plea of guilty. Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); Gallegos v. Cox, 358 F.2d 703 (10th Cir.1966).

■ He next contends his plea was involuntary because of police threats that they would harm his girl friend and her parents and would cause a friend to lose his job. This claim is entirely without merit. He testified at his Rule 93 hearing that no coercion was exerted upon him to get him to change his plea from not guilty to guilty.

■ He next claims he was not fully advised of his rights to a preliminary hearing with representation by counsel. By his voluntary plea of guilty to the charge on which he was convicted and sentenced he waived his rights to a preliminary examination. State v. Tanner, 78 N.M. 519, 433 P.2d 498 (1967).

■ His next contentions are that his appointed counsel was incompetent. The record before us fails to support these contentions. The attorney was both experienced and competent.

■ Before a defendant can be heard to complain of the inadequacy of his counsel, he must show that the proceedings leading to his conviction amounted to a sham, a farce, or a mockery. State v. Brusenhan, N.M.Ct. of App., 438 P.2d 174, issued February 16, 1968; State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967); State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Moser, supra; United States v. Edwards, 152 F.Supp. 179 (D.D.C.1957).

The order denying the motion should be affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.