430 P.2d 106

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ernest MOSER, Defendant-Appellant.**

**No. 8289.**

Supreme Court of New Mexico.

July 17, 1967.

Manford W. Rainwater, Tucumcari, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Ernest Moser has appealed from an order of the district court denying post-conviction relief under a Rule 93 motion (§ 21–1–93, N.M.S.A.1966, Interim Supp.).

The prisoner was convicted in Quay County district court of assault with a deadly weapon and also pled guilty to a

charge of unlawfully discharging a firearm within a settlement; for which he was sentenced to the statutory term in the penitentiary. He was then charged with having been convicted of three prior felonies in Arkansas. The first sentence was set aside and he was sentenced to life imprisonment as an habitual criminal. His motion for post-conviction relief challenges the validity of 'the prior convictions which formed the basis of the enhanced sentence. Despite requests by appointed counsel for a hearing on the merits of Moser's assertions, the trial court, from an examination of the files and records of the case, found that the prisoner had admitted his identity as the person previously convicted in Arkansas. Based solely upon that record, a hearing on the Rule 93 motion was denied. Under the circumstances here present, this was error requiring reversal.

■ Identity is not the only issue in a recidivist proceeding. Our habitual criminal statute contemplates valid convictions which have not been vacated. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446, 451. This court in State v. Dalrymple, 75 N.M. 514, 407 P.2d 356, approved language of the dissenting opinion in Oyler v. Boles, supra, saying:

"The charge of being an habitual offender is also effectively refuted by proof that the prior convictions were not constitutionally valid as, for example, where one went to trial without a lawyer under the circumstances where the appointment of someone to represent him was a requirement of due process. Denial or absence of counsel is an issue raisable on collateral attack of state judgments. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398. * * * "

■ It seems established since Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, that the constitutional guarantee of "Assistance of Counsel," implies the "effective" assistance of counsel. See Waltz, Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases,

59 Northwestern L.Rev. 289 (1964). Although counsel is given a wide degree of latitude in representation of his client, in rare circumstances the court must intervene to insure to the defendant a fair trial. As expressed in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958):

"* * * Mere improvident strategy, bad tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective assistance of counsel, unless taken as a whole the trial was a 'mockery of justice.' * * * "

Otherwise expressed, counsel is presumed competent, Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83; Kilgore v. United States, 323 F.2d 369 (8th Cir. 1963); and a defendant is denied his right only when the trial becomes a "sham," Lunce v. Overlade, 244 F.2d 108, 74 A.L.R. 2d 1384 (7th Cir. 1957); or a "farce," United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir. 1948); 21 Am.Jur.2d, Criminal Law, § 315.

■ It is to be remembered the burden of sustaining a charge of inadequate representation rests upon the defendant. People v. Robillard, 55 Cal.2d 88, 10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086.

■ When, however, a petition for post-conviction relief alleges facts, set out in particularity, of his claim of inadequate criminal representation under this standard, he is entitled to a hearing on the question under Rule 93. Laughner v. United States, 360 F.2d 159 (5th Cir. 1966); Dayton v. United States, 115 U.S.App.D.C. 341, 319 F.2d 742 (1963); see Annot., 74 A.L.R.2d 1390.

■ One of the prisoner's prior convictions relied upon as the basis for imposition of the enhanced penalty, was for carnal abuse. The prisoner's motion asserts that his counsel was, unknown to him, related to the complaining witness. The motion further charges specific instances of misconduct and failure to properly represent the petitioner at the trial of his case, including failure of the attorney to chal-

lenge two jurors who were uncles of the complaining witness. Under such circumstances, even though counsel was employed, the prisoner was just as much without counsel as if he was represented by ineffectual appointed counsel under the standard outlined above. The truth of these allegations in an inquiry that should have been permitted in an habitual offender case. We think, upon allegations of such a serious nature, due process requires the right to a hearing and the presentation of evidence thereon. State v. Dalrymple, supra.

We find the argument that the judgment should be affirmed because the prisoner failed to offer evidence in support of his allegations to be without merit. The trial court denied him the right to a hearing. The record before us appears to indicate that the prisoner was not present at the time his motion for relief was denied.

It follows that the case must be reversed and remanded with directions to vacate the judgment appealed from and to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, J., and JOE ANGEL, D. J., concur.