432 P.2d 256

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Mike APODACA, Defendant-Appellant.**

**No. 8372.**

Supreme Court of New Mexico.

Oct. 2, 1967.

William W. Bivins, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Interim Supp.1966), raised issues concerning (1) evidence of entrapment, (2) representation by counsel and (3) effective counsel. The motion was denied. His appeal raises the same issues.

**■** *Entrapment.* The issue of entrapment was submitted to the jury. The jury resolved the issue by its verdict. By his motion defendant seeks to retry the issue of entrapment. He may not do so. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). A claim of entrapment does not state a basis for post-conviction relief. Anderson v. United States, 338 F.2d 618 (9th Cir. 1964); Moore v. United States, 334 F.2d 25 (5th Cir. 1964); United States v. Bailey, 331 F.2d 218 (7th Cir. 1964); Way v. United States, 276 F.2d 912 (10th Cir. 1960).

**■** *Representation by Counsel.* Defendant claims that he was not represented by an attorney when he appeared before the magistrate; that this was a critical stage of the proceedings; that he was entitled to appointed counsel at this stage. Counsel was appointed to represent defendant on October 1st. His preliminary hearing was held October 6th. The transcript of the preliminary hearing shows that he had counsel at this hearing. This claim states no basis for post-conviction relief.

**■** *Effective Counsel.* Defendant claims his attorney was "pro-forma rather than zealous and active." Such a general claim does not provide a basis for relief. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967).

**■** Defendant also claims that his representation was inadequate, and that this is demonstrated by failure of counsel "to win the case on the facts of entrapment." Such an assertion is frequently made by a disappointed defendant for whom counsel was unable to obtain the result for which his client had hoped. United States v. Edwards, 152 F.Supp. 179 (D.D.C.1957). One is not deprived of his constitutional right to counsel because in retrospection he concludes that the representation did not meet his hoped for standard of effectiveness. Merritt v. Hunter, 170 F.2d 739 (10th Cir.

1948); Moss v. Hunter, 167 F.2d 683 (10th Cir. 1948), cert. denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780 (1948). Dissatisfaction with the results obtained through the efforts of his attorney does not provide a basis for post-conviction relief. Kinney v. United States, 177 F.2d 895 (10th Cir. 1949).

The order denying relief is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.