435 P.2d 435

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Roy Lee WALBURT, Defendant-Appellant.**
No. 8348.

Supreme Court of New Mexico.
Dec. 18, 1967.

the court "that he be transported to the state hospital in Las Vegas, New Mexico, for observation and psychiatric evaluation". After hearing appellant's motion was denied.

During the progress of the trial appellant, through his attorney, withdrew his plea of not guilty to count one of the information and entered a plea of guilty as to such count and at the same time count two was dismissed upon motion of state. Following appellant's plea of guilty he was sentenced to serve a term in the state penitentiary of not less than two years nor more than ten years, the sentence to begin with the 3rd day of June, 1964.

This appeal raises three questions which appear to have been raised by appellant's motion in the court below. Appellant first asserts that the trial court's refusal to provide for a psychiatric examination following the entry of his plea of not guilty by reason of insanity denied him due process of law. This contention is not supported by the record.

The record discloses that notwithstanding defendant's request, in the criminal case, for a psychiatric examination, at the State's expense, there was filed in that case, with defendant's consent, the report of a psychiatric examination by a psychiatrist employed by defendant, showing that in the expert's opinion the defendant suffered no psychotic illness or mental disturbance affecting his ability to understand the nature and consequences of his act. Based upon that medical report, the trial court accepted the defendant's change of plea from not guilty and not guilty by reason of insanity to a plea of guilty to one count of the information and a dismissal by the prosecution of the other count. The examination by that psychiatrist suffices. Under such circumstances, the State has no duty by constitutional mandate to furnish additional mental examinations. See United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549.

Appellant next asserts that he was not adequately represented by counsel during

Alan A. Norwood, Roswell, for appellant.

Boston E. Witt, Atty.Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge, Court of Appeals.

This is an appeal from an order denying appellant's pro se motion to vacate judgment and sentence filed pursuant to Rule 93, § 21–1–1(93) N.M.S.A.1953. Appellant was charged by information in two counts with the crime of forgery.

Upon arraignment and being represented by counsel he entered a plea of not guilty and not guilty by reason of insanity. By means of a motion filed in the proceedings prior to trial appellant informed the court that he was without sufficient funds to obtain a psychiatric examination so as to establish his defense of insanity and moved

the proceedings in the trial court. Appellant appears to base this contention upon a statement made to him by his attorney at the trial to the effect that he, the attorney, was not a criminal lawyer and had very little criminal experience and the only way he could help appellant was to try to get a lighter sentence imposed if appellant would plead guilty.

 It is established that the constitutional guarantee of assistance of counsel in a criminal action implies the "effective assistance of counsel". State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967), and State v. Dalrymple, 75 N.M. 514, 407 P.2d 356 (1965). The fact, however, that an attorney advises his client to plead guilty in the hope of obtaining a lighter sentence is not an indication of incompetence. State v. Demry, 260 Minn. 173, 109 N.W.2d 587 (1961), nor can inexperience be treated as the equivalent of incompetence, United States v. Helwig, 159 F.2d 616, 618 (3rd Cir.1947); Taylor v. United States, 224 F.Supp. 82 (D.C.Mo.1963).

A standard approved by this court for measuring competence of trial counsel is set forth in State v. Moser, supra, as follows: " 'Mere improvident strategy, bad tactics, mistake, carelessness, or inexperience do not amount to ineffective assistance of counsel, unless taken as a whole the trial was a "mockery of justice," * * *' Otherwise expressed, counsel is presumed competent, * * * and a defendant is denied his right only when the trial becomes a 'sham,' * * * or a 'farce'."

The burden of sustaining the charge of incompetence rested upon appellant. State v. Hudman, 78 N.M. 370, 431 P.2d 748. The record before us does not indicate mere pro forma representation, nor does it indicate that representation was of such caliber as would warrant the conclusion that the trial so far as it did progress was a "mockery of justice". In our opinion appellant has failed to sustain the charge of incompetence of counsel.

Appellant finally asserts that the warden of the state penitentiary failed to start his time of confinement as of June 3, 1964, which date appellant contends was the date sentence should commence in accordance with the judgment and commitment.

Relief upon this ground, in our opinion, was correctly denied. A Rule 93 motion cannot be employed to question the action of the warden of the state penitentiary or his interpretation of the judgment, commitment or applicable statute. See Allen v. United States (5th Cir.) 327 F.2d 58 (1964).

The order denying the motion should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.