441 P.2d 237

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Edward McCAIN, Defendant-Appellant.**

**No. 126.**

Court of Appeals of New Mexico.

May 3, 1968.

**198**

Fred T. Hensley, Walker & Hensley, Portales, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

This is an appeal from an order of the district court denying post conviction relief under Rule 93, § 21-1-1(93) N.M.S.A. 1953, without a hearing.

Appellant was convicted upon his plea of guilty of the crime of Burglary and sentenced to serve a term of not less than one, nor more than five years in the penitentiary. By his motion appellant undertakes to set forth six grounds in support of his contention that he is illegally confined in the penitentiary. He asserts:

(1) That his plea of guilty was involuntary being induced by an unkept promise of leniency.

(2) That he was inadequately represented by court appointed counsel resulting in a denial of due process of law.

(3) That "the evidence illegally taken from him could not be used at the trial against him".

(4) That "the district judge showed prejudice toward him by not suspending the sentence he imposed and by placing him in prison for a term of not less than one year nor more than five years".

(5) That he was not furnished with a copy of the information more than twenty-four hours prior to pleading to the charge, and

(6) That the trial court erred in denying his Rule 93 motion without a hearing.

Concerning the claimed involuntary plea the motion contains the following allegation:

"On April 17th 1967 Petitioner was arrested for the crime of breaking and entering, and taken from Roswell, New Mexico to Portales, New Mexico to answer to the charge. On the way from Roswell to Portales, the deputy sheriff informed the Petitioner that if he would plead guilty to the breaking and entering that he was charged with, he didn't think the D. A. would file any more charges and he probably wouldn't be sent to prison on the charge. Counsel promised the same later."

It is, of course, unquestioned that a plea of guilty induced by an unkept promise of leniency is void. State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967). In this case, however, the allegation upon which the contention is based, demonstrates that no "promises" were made either by the deputy sheriff or appellant's counsel. The statements attributed to the deputy sheriff and counsel on their face do not bear out the assertion that a promise or promises of leniency were made but amount to no more than speculation as to what the district attorney or the trial judge might do if appellant entered a plea of guilty.

At arraignment and prior to accepting the plea of guilty the trial court questioned appellant at length as to whether any threats or promises had been made to induce his plea. Appellant then denied that anyone had made threats or promises which in any way induced him to plead guilty or that a promise of leniency was made to him by anyone, as an inducement to plead guilty.

In addition appellant knew the penalty which the law imposed for the crime to which he pleaded. He further knew that counsel would be provided without cost to him and that he could have his case tried on the merits.

In our opinion the record conclusively shows that defendant entered his plea freely and voluntarily. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967); State v. Decker, 79 N.M. 41, 439 P.2d 559, decided March 22, 1968.

The contention that appellant was inadequately represented by court appointed counsel resulting in a denial of due process in our opinion is without merit.

Appellant undertakes to support this contention by asserting that although the court appointed counsel to represent him it "failed to get the counsel present"; further, that it was a week after appointment before counsel "finally showed up" and then his representation was pro forma in that counsel consulted with appellant only three times for approximately five minutes on each occasion and at each interview counsel was accompanied by officials. Appellant likewise complains that the attorney recommended that he waive preliminary hearing and "plead guilty so that other charges would be forgotten".

■ The allegations of the motion if taken as true do not, in our opinion, establish either incompetence or ineffectiveness of appointed counsel, nor does the record as a whole so indicate. Competence of counsel is not to be determined solely on the basis of the amount of time spent in interviewing a client. Silva v. Cox, 351 F.2d 61 (10th Cir. 1965). Nor is the fact that counsel advises his client to plead guilty to the end that other charges may not be asserted against him an indication of incompetence. See State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967). Likewise, a general claim of pro forma representation does not provide a basis for relief. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967).

■ The burden of sustaining a charge of inadequate representation of counsel rests on appellant, State v. Hudman, 78 N. M. 370, 431 P.2d 748 (1967); State v. Walburt, supra, and requires that he specifically point out anything he claims counsel could or should have done to make his assistance more effective. Silva v. Cox, supra. Appellant has clearly failed to sustain this burden.

■ Appellant next asserts that evidence illegally taken from him could not be used at the trial against him. This contention provides no basis for relief. Appellant's plea of guilty obviated the necessity of trial and consequently if evidence had been taken from him as he asserts it was not used to effect the conviction. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968).

■ Appellant's fourth claim is that the district judge showed prejudice toward him, first, by not suspending the sentence he imposed and, second, by placing defendant in prison for not less than one or more than five years. As we have stated the appellant entered a plea of guilty to the crime of burglary. The penalty is one to five years imprisonment. Imposition of the sentence prescribed by law presents no basis for post conviction relief, nor does the refusal of the trial judge to suspend sentence present a basis for such relief.

Appellant next contends that his constitutional rights were violated in that he was not furnished a copy of the information more than twenty-four hours prior to pleading to the charges of which he was convicted contrary to § 41–6–46, N.M.S.A. 1953.

■ This procedural defect, if it occurred as appellant has alleged, was waived by the plea of guilty which he entered. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967).

Appellant finally asserts error in the denial of his Rule 93 motion without a hearing. This rule provides for a prompt hearing on the issues "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief * * *."

In our opinion the motion and the files and records of this case conclusively show that appellant is entitled to no relief and consequently the trial court properly denied the motion without a hearing.

The order denying post conviction relief is affirmed.

It is so ordered.

ARMIJO and WOOD, JJ., concur.