441 P.2d 759

STATE of New Mexico, Plaintiff-Appellee,

v.

Benjamin BLACKWELL, Defendant-Appellant.

No. 8525.

Supreme Court of New Mexico.

June 3, 1968.

Anthony J. Albert, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

CARMODY, Justice.

Defendant was convicted of rape, and the case was affirmed in State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966). Following resentence in accordance with our mandate on the prior appeal, he filed an application for post-conviction relief under Rule 93 (§ 21-1-1(93), N.M.S.A. 1953, 1967 Pocket Supp.). The trial court in an order stated the court had examined the files and records in the case and that all of the allegations of the motion had been ruled adversely to the defendant on the prior appeal; it therefore denied the motion. This appeal follows, and the sole basis urged for reversal is the failure of the trial court to appoint counsel and denial of a hearing on the Rule 93 motion.

The appeal is without merit, but in order to lay at rest the contentions made by the defendant in the lower court, we will briefly discuss same.

Defendant's handwritten petition made eight separate contentions. He urged a denial of due process because he was held in custody for twenty days prior to the preliminary hearing; that he was not advised of his rights nor granted counsel during this period; that no attorney was appointed until after the preliminary hearing; and that the bail set was excessive and unreasonable. The above four grounds were disposed of in our prior opinion, wherein we said that by proceeding to trial he effectively waived his right to object to prior defects in the proceedings.

Two other grounds were urged concerning the illegality of the arrest and illegally-obtained evidence. These two points were also covered in the opinion on the prior appeal, wherein we said, in referring to the testimony of the arresting officer:

"* * * However, at that time he had been advised of the assault on the complaining witness in this case and when he saw the appellant and the bloody clothes, both on him and in the room, appellant was placed under arrest and the clothes were gathered up and taken to the police station along with appellant."

The only grounds urged by the defendant's motion which were not specifically ruled upon in our opinion concerned the bare allegation that (1) trial counsel was inadequate and incompetent in that his "pretrial contact with the defendant was limited to one five-minute interview," and (2) that the trial judge "showed prejudice toward defendant in his general attitude and by his rulings on defense objections." Obviously, these allegations are vague conclusions which are insufficient to raise an issue demanding an inquiry. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967); and cf., State v. Moser, 78 N. M. 212, 430 P.2d 106 (1967). In any event, the only specific claim alleged by the defendant, i. e., that there was only a single five-minute interview prior to trial, is specifically disproved by an examination of the original trial transcript, which not only shows very adequate representation but also the statement made by defendant's counsel, in open court and in the presence of the defendant, that he had conferred with the defendant three times prior to the trial. Also, our examination of the original transcript, both in connection with the preparation of the opinion on the prior appeal and with respect to the present opinion, convinces us that the allegation of prejudice on the part of the trial judge is without merit.

A Rule 93 motion may not be used to reconsider matters considered on appeal, nor a method of obtaining a retrial of a case or considerations of questions which should have been raised on appeal, State v. Williams, supra. Where, as here, the motion for post-conviction relief has been determined on a prior appeal or is completely groundless, the trial court need not appoint counsel to represent the defendant in connection with the hearing on a motion. State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (Ct.App.1966) and cases cited therein; and cf., State v. Ramirez, 78 N. M. 418, 432 P.2d 262 (1967).

The judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.