442 P.2d 786

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Orlando S. LOSOLLA, Defendant-Appellant.**

**No. 8327.**

Supreme Court of New Mexico.

June 24, 1968.

Charles L. Harrington, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge, Court of Appeals.

This is an appeal from an order denying, without hearing, a pro se motion seeking post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953.

Appellant was convicted of unlawful sale or delivery of a narcotic drug contrary to § 54–7–14, N.M.S.A., 1953. Basically, the appeal raises questions involving entrapment and the manner by which appellant was extradited from Arizona to New Mexico to stand trial. These are the issues which appear to have been raised by appellant's motion in the court below.

Appellant first asserts that he was induced by agents of the state to commit the criminal acts which resulted in his conviction; that because he had been so induced the conviction and sentence should be vacated and set aside. According to the record this defense was not interposed in the trial upon the information.

■ Although we have recognized entrapment as a defense; State v. Roybal, 65 N.M. 342, 337 P.2d 406 (1959); State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965), it clearly pertains to the merits of the cause, is to be determined at trial and is subject to review on appeal. A claim of entrapment does not state a basis for post conviction relief under Rule 93. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967); Matysek v. United States, 339 F.2d 389 (9th Cir. 1964); Anderson v. United States, 338 F.2d 618 (9th Cir. 1964); Moore v. United States, 334 F.2d 25 (5th Cir. 1964); United States v. Bailey, 331 F.2d 218 (7th Cir. 1964); Way v. United States, 276 F.2d 912 (10th Cir. 1960).

■ It is next contended that the extradition procedure by which appellant was returned to New Mexico violated his constitutional rights. By his Rule 93 motion appellant alleges that while in Phoenix, Arizona, he was arrested without probable cause and interrogated by the Arizona police for some three days prior to this extradition. In response to his request for counsel these police informed him "that the state of Arizona did not furnish lawyers for bums and paupers."

He further alleges that when he requested legal counsel at the extradition proceedings the judge replied "I am without jurisdiction to assign an attorney to represent an indigent person in this criminal proceedings."

Appellant likewise alleges that he waived extradition because the judge before whom he was taken improperly influenced him to sign a waiver.

It appears to be appellant's position that because of these occurrences in the state of Arizona his return to New Mexico was illegal and as a consequence the New Mexico court had no jurisdiction to try him upon the charge set forth in the information.

In State v. Wise, 58 N.M. 164, 267 P.2d 992 (1954) we said:

"* * * It is well established that where a person accused of crime is found within the territorial jurisdiction where he is charged, the jurisdiction of the court where the charge is so pending is not impaired by the fact he was brought from another jurisdiction by illegal means. * * *" Compare State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967).

In Frisbie v. Collins, 342 U.S. 519, 72 S. Ct. 509, 96 L.Ed. 541 (1952), Collins, in his petition for habeas corpus alleged that while

living in Chicago, he was forcibly seized by Michigan officers who transported him to Michigan where he was convicted of murder and was then serving a life sentence. It was Collins' contention that under these circumstances the trial and conviction was in violation of the due process clause of the Fourteenth Amendment. The following was stated by the court:

"This Court has never departed from the rule announced in Ker v. [People of State of] Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'. No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

Appellant does not contend that he was denied a fair trial according to constitutional procedural safeguards.

■ We further add that appellants' claim of arrest without probable cause taken alone entitles him to no relief. By his entry of a plea (not guilty) and proceeding to trial he waived any claim he may have had that his arrest was illegal. State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967); see State v. Robinson, 78 N.M. 420, 432 P. 2d 264 (1967).

It is apparent that there is no merit to appellant's contentions. The order denying the motion should be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.