444 P.2d 984

**Jack PAVLICH, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 8543.**

Supreme Court of New Mexico.

Sept. 9, 1968.

Robert A. Morrow, Raton, for petitioner-appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

CARMODY, Justice.

Appellant sought post-conviction relief under Rule 93 (§ 21–1–1(93), N.M.S.A. 1953), and appeals from the denial thereof.

No evidentiary hearing was held on the motion but appellant was represented by appointed counsel different from the attorney who represented him at the trial. The trial court denied relief, principally upon the stated ground that the decision was the result of an examination of the files and records. Appellant's claims relate to his being held in custody some four months prior to preliminary hearing; deprivation of counsel at the preliminary hearing; that, because of such deprivation and because appointed counsel did not confer with him until the morning of the trial, he could not have intelligently waived his constitutional right to counsel at the early stages of the criminal proceeding; and that he was thereby prejudiced. Appellant also urges that he should be granted a hearing as to whether his trial attorney was competent. We take note of the fact that the original trial judge is now deceased and the post-conviction motion was heard by his successor in office.

Appellant's contention, except for the claim of lack of competence of his attorney, is fully answered in State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966), where we said:

"* * * We fail to see how appellant is in any position to complain of deprivation of constitutional rights when he has been provided with competent counsel in the district court before arraignment; has been allowed to preserve his right to object to any prior denial of rights, and has then gone to trial without raising the issue of prior failure to provide counsel or advise of rights to counsel. By so proceeding, he has as effectively waived his right to object to prior defects in the proceedings as had the parties in State v. Vaughn, [74 N.M. 365, 393 P.2d 711] supra, and Sanders·

v. Cox, [74 N.M. 524, 395 P.2d 353] supra."

■ The only allegations with respect to competency are to the effect that appellant did not have an attorney until he entered his plea of not guilty, and the following:

"That Petitioner did not confer with any attorney only until the morning of the trial, said defendant's attorney, Robert Skinner, was prejudice [sic] and inclusion [sic] with the District Attorney's office and was ineffectual at the proceedings of Petitioner's trial, nor was there ever anything said to the defendant about a preliminary hearing by any court or judge and or by his attorney."

These assertions are conclusions and fall far short of raising an issue that the trial was a mockery of justice, a sham, or a farce, as required by our decisions. State v. Marquez, 79 N.M. 6, 438 P.2d 890 (1968); State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967). Thus we find that there is no basis for relief. We feel required, however, to take cognizance of the trial court's finding that the trial attorney "is a competent attorney to represent the said defendant in a criminal matter." Even though the issue of competence is not properly raised and we need not consider the finding, we feel it necessary to observe that the making of such a finding was ill-considered because based upon the judge's personal knowledge of the attorney's ability, rather than upon his competence with reference to the particular case involved. We, too, recognize the competence of the attorney involved but, unfortunately, cannot judicially notice the quality or adequacy of his performance in any given case.

■ Appellant finally challenges his present imprisonment because of an unusual situation. He was sentenced in 1962 to not less than three, nor more than twenty-five years in the penitentiary under a charge of armed robbery. Almost exactly a year later he was returned to Colfax County and convicted by a jury of being an habitual criminal. No sentence under the habitual statute was ever imposed. Consequently, appellant now claims that having been "convicted" he was thereby subject to life imprisonment and his earlier sentence was voided. No authority is cited for such a result and we are not inclined to seriously consider the argument. However, we would note that jurisdiction of the trial court to sentence is not exhausted until pronounced, and will carry over from term to term. Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702 (1932). No right of the accused is shown to be infringed thereby. Davis v. State, 192 Ga. 648, 16 S.E.2d 428 (1941); Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 82 A.2d 244 (1951), cert. denied 342 U.S. 862, 72 S.Ct. 90, 96 L.Ed. 649. We are at a loss to understand why no action has been taken following the jury's verdict, as required by statute (§§ 40A–29–5, 40A–29–7, N.M.S.A.1953). Although the present trial judge cannot be held responsible for the failure to take action prior to the commencement of his term of office, nevertheless, having notice of the lack of disposition of the habitual-criminal case, he must now proceed with dispatch to conclude the matter in accordance with the clear mandate of § 40A–29–7, supra.

There being no reversible error, the judgment of the trial court will be affirmed. It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.