452 P.2d 696

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Pedro Willie GONZALES, Defendant-Appellant.**

**No. 281.**

Court of Appeals of New Mexico.

March 21, 1969.

Leon Karelitz, Las Vegas, for appellant.

James A. Maloney, Atty. Gen., Robert J. Laughlin, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from the denial of his motion for relief under Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp.1967)]. The motion was denied without hearing.

The record reflects that defendant was arrested and confined in jail on April 29, 1967. A criminal complaint dated May 1, 1967, and filed on May 3, 1967, charged him with rape of an eleven-year old child, contrary to the provisions of § 40A-9-4, N. M.S.A.1953, which is a first degree felony, and with rape of a thirteen-year old child, contrary to the provisions of § 40A-9-3, N.M.S.A.1953, which in this case is a third degree felony.

On May 22, 1967, a competent attorney, experienced in the practice of criminal law, was appointed to represent him.

The record fails to reflect when bail was fixed, but a motion to reduce the amount thereof was filed on July 20, 1967, and it was reduced by order filed August 21, 1967.

A preliminary examination was conducted into both charges on August 22, 1967, and defendant was bound over for trial before the district court. By order of the court entered November 20, 1967, the official court reporter was directed to furnish defendant with a transcript of the preliminary hearing at the court's expense.

On December 20, 1967, an information was filed, charging defendant in separate counts with the identical offenses charged in the criminal complaint. On the same day, defendant and his attorney appeared before the court for arraignment. The district attorney read the information. Defendant's attorney stated that he had explained the nature of the charges to defendant, a preliminary examination had been conducted into both counts, defendant waived the requirement that he be furnished a copy of the information at least twenty-four hours before being required to plead, as required by § 41-6-46, N.M.S.A. 1953, and defendant was ready to plead to the charges.

The attorney also advised the court that defendant was prepared to plead guilty to a charge of rape, contrary to the provisions of § 40A-9-2, N.M.S.A.1953, which is a second degree felony, punishable by confinement in the penitentiary for a term of ten to fifty years, if the court and the district attorney would accept this plea. The district attorney advised that the State would accept the plea. Before the court would accept the plea, defendant was questioned at length about the voluntariness thereof, his age, prior convictions, and other matters. The information was then amended to charge defendant in one count with rape of the two children, contrary to § 40A-9-2, N.M.S.A.1953, and defendant's guilty plea thereto was accepted.

The court then entered a judgment and sentence whereby defendant was given the statutory sentence of ten to fifty years imprisonment in the penitentiary, with credit for pre-sentence confinement from April 29, 1967.

He is now contending the trial court erred in concluding that his motion under Rule 93 and the files and records in the case conclusively show he is entitled to no relief. His contentions are as follows:

(1) There was undue delay between his arrest on April 29, and his appearance before a magistrate on August 22.

Although the record fails to show just when he was first taken before a magistrate, it does show an attorney was appointed for him and bail fixed long before the date of the preliminary hearing on August 22. There is no showing of any prejudice to him by whatever delay may have occurred between his arrest and preliminary hearing. His position at trial could not have been prejudiced, because he was convicted and sentenced upon his voluntary plea of guilty. State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967). See also State v. Minor, 78 N.M. 680, 437 P.2d 141 (1968). In the absence of a showing of prejudice, the entry of his plea operated as a waiver of any claim of undue delay. State v. Elledge, 78 N.M. 157, 429 P.2d

355 (1967); State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App.1968).

(2) He was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and by § 41–11–4, N.M.S.A.1953. This statute provides: "All indictments shall be tried at the first term at which the defendant appears, unless continued for good cause."

Defendant was not indicted. He was informed against and was arraigned and pleaded guilty on the very day the information was filed.

■ The entry of his voluntary plea of guilty constituted a waiver of whatever right he may have had to a speedy trial. State v. McCroskey, 79 N.M. 502, 445 P.2d 105 (Ct.App.1968). He also waived this right by his failure to demand an earlier trial or to resist delay. Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967).

(3) His attorney was ineffective, in that the attorney failed to inform him of his defenses, and was "pro forma, rather than zealous and active" on his behalf.

As above stated, the attorney appointed to represent defendant is competent and experienced in the practice of criminal law.

Defendant alleges no valid defense which could have been asserted to either of the charges against him.

■■ Incompetence on the part of his attorney is not indicated, even if he advised defendant to plead guilty to one second degree felony, rather than run the risk of conviction of the first and third degree felonies with which he was charged and which carry a far greater penalty than the one charge to which he did plead guilty [see § 40A–29–3, N.M.S.A.1953]. State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967). The mere assertion that the attorney was "pro-forma rather than zealous and active" provides no basis for relief. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967).

■ Before a defendant can be said to have been denied effective assistance of counsel, it must appear that his representation constituted a sham, a farce, or a mockery of justice. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct. App.1968). See also State v. Apodaca, supra. His representation in this cause does not so appear.

(4) He was subjected to cruel and unusual punishment.

■ The cruel and unusual punishment about which he complains is his confinement in the county jail from April 29 to December 20, when he pleaded guilty. This confinement, for which he has been given full credit against his properly imposed sentence, does not constitute cruel and unusual punishment. See State v. Matthews, 79 N.M. 767, 449 P.2d 783 (1969); State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967).

The order denying defendant's motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.