455 P.2d 194

STATE of New Mexico, Plaintiff-Appellee,

v.

Frank (Chito) DOMINGUEZ, Defendant-Appellant.

No. 292.

Court of Appeals of New Mexico.

May 16, 1969.

Harold N. Olive, Carlsbad, for defendant-appellant.

James A. Maloney, Atty. Gen., Ray H. Schollenbarger, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp.1967) was denied without a hearing. His appeal raises the same issues presented by his motion. They are: (1) that his conviction, judgment and sentence resulted from a conspiracy and (2) that his constitutional rights were violated by inadequate legal representation.

*The conspiracy claim.*

Defendant claims an Assistant District Attorney, a State Police officer and two other persons violated our conspiracy statute, § 40A-28-2, N.M.S.A.1953 (Repl. Vol. 6); that this conspiracy was directed against him and that as a result his conviction, judgment and sentence are illegal. Defendant does not allege in what manner the alleged conspiracy affected him. See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967). These general claims do not state

a basis for relief. See State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App.1968).

However, by an extrapolative reading of his motion, defendant claims the alleged conspiracy resulted in his being entrapped into committing the narcotics offense for which he is imprisoned. Entrapment is a defense to a criminal prosecution. State v. Romero, 79 N.M. 522, 445 P.2d 587 (Ct.App.1968). This defense pertains to the merits of the cause and is to be determined at trial. State v. Losolla, 79 N.M. 296, 442 P.2d 786 (1968). Defendant pled guilty. His plea waived trial. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969). Entrapment does not state a basis for post-conviction relief after a trial. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967); State v. Losolla, supra. Nor does it state a basis for relief after a plea of guilty. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968).

As a matter of law, the conspiracy and entrapment claim did not state a basis for relief. Even if they did assert a cognizable claim, there is no factual basis for relief. Defendant alleged that the factual basis for conspiracy and entrapment appeared in the transcript of his preliminary hearing. After reviewing this record, the trial court found the conspiracy claim to be " * * * unsupported by the record and in conflict with it. * * *" The court also found there were no facts on which entrapment could be based. These findings are not attacked; they are the facts before us. State v. Simien, supra; see State v. Thompson, 80 N.M. 134, 452 P.2d 468, decided March 31, 1969.

*Asserted inadequacy of legal representation.*

Defendant claims he was inadequately represented by his court appointed counsel. He asserts that his attorney (a) did not investigate the facts, (b) did not present a defense on his behalf and (c) did not adequately advise him as to the law. These are conclusions. Defendant's motion alleges no factual basis in support of these conclusions. State v. Sexton, supra. The claim states no basis for post-conviction relief. Compare Pavlich v. State, 79 N.M. 473, 444 P.2d 984 (1968); State v. Hines, supra; State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967); State v. Gonzales (Ct. App.), 80 N.M. 168, 452 P.2d 696, decided March 21, 1969; State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968).

Further, "Before a defendant can be heard to complain of the inadequacy of his counsel, he must show that the proceedings leading to his conviction amounted to a sham, a farce, or a mockery. * * *" State v. Marquez, 79 N.M. 6, 438 P.2d 890 (1968); State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968).

Counsel was appointed to represent defendant prior to his preliminary hearing. Counsel appeared with and represented defendant at the preliminary hearing and all subsequent proceedings. Witnesses were sworn and testified at the preliminary hearing. When arraigned in district court, defendant pled not guilty to the two offenses with which he was charged. Five months later, defendant pled guilty to one offense and the other charge was dismissed. Before pleading guilty, the court explained the statutory penalty and advised defendant that the offense was a felony. In response to the court's questions, defendant stated that he understood the nature of the charge, that his plea was voluntarily made and was made after being advised by his counsel. This record shows neither sham, farce nor mockery.

Defendant may be asserting that, upon advice of counsel, he pled guilty to one charge in order to obtain a dismissal of the other charge. If this is his contention, it provides no support for the claim of inadequate counsel and no basis for post-conviction relief. State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967); State v. Gonzales, supra; State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App.1968).

The order denying relief is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.