465 P.2d 290

STATE of New Mexico, Plaintiff-Appellee,

v.

Ramon Phillip MONTOYA, Defendant-Appellant.

No. 438.

Court of Appeals of New Mexico.

Jan. 30, 1970.

**234**

Snyder H. Downs, Sante Fe, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Montoya's motion for post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp.1969) was denied without a hearing. He appeals.

The claims, and our answers:

■ (a) He was incompetent to stand trial because he was only twenty-two years old, lacked education and "in a general manner" did not understand the proceedings in the trial court. If he did not understand the proceedings he could have asked his court appointed counsel. This claim does not provide a basis for post-conviction relief. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); compare State v. Lujan, 79 N.M. 200, 441 P.2d 497 (1968).

■ (b) He was ineffectively represented by counsel because he pled guilty upon advice of counsel. The fact that his counsel advised him to plead guilty does not establish incompetence and does not provide a basis for post-conviction relief. State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App. 1968).

■ (c) In advising Montoya, his attorney said that if he pled guilty, he would either be placed on probation and "not be facing any prison sentence" or at most, a "small" sentence. "Absent any claim that anyone representing the State said or did anything to induce the guilty plea, the statement made to * * * [Montoya] by his own counsel does not provide a basis for post-conviction relief." Goodwin v. State, 79 N.M. 438, 444 P.2d 765 (Ct.App.1968).

■■ (d) Because his guilty plea was "unwilling", he did not waive his right to a jury trial. The claims made do not raise an issue as to whether his guilty plea was involuntary. Goodwin v. State, supra; State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.App.1968). Accordingly, he is bound by his plea. The plea waived trial. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App. 1969); State v. McCain, supra.

■ (e) In this appeal, Montoya's counsel states that Montoya claims his trial counsel did not advise him of the right to appeal. If this is the claim it provides no basis for post-conviction relief. It is not a claim that he was denied the right to an appeal. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

■ The claim made in the motion is different. There it is claimed the record is silent as to whether he was advised of his right to appeal, that he did not waive the right to be represented by counsel on appeal, nor did he waive the right to appeal. None of the claims made in the motion amount to an assertion that Montoya ever asked for or even desired an appeal. Post-conviction relief is not afforded because an appeal was not taken. There must have been a denial of the right by the State. Absent a request

for an appeal there is no basis for a claim that any responsible official denied him his right to an appeal. State v. Gorton, supra; State v. Hodnett, 79 N.M. 761, 449 P.2d 669 (Ct.App.1968); compare Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965). These claims provide no basis for post-conviction relief.

█ (f) His motion for post-conviction relief was denied without a hearing. Since none of the claims provide a basis for post-conviction relief, no hearing was required. State v. Ramirez (Ct.App.), 464 P.2d 569, decided January 16, 1970.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.