508 P.2d 1019

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Edward ANDERSON, Defendant-Appellant.**

**No. 1030.**

Court of Appeals of New Mexico.

March 23, 1973.

Alan A. Norwood, Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The previous opinion in this case is withdrawn and the following is substituted herewith:

Defendant filed a motion for post-conviction relief pursuant to Rule 93, § 21–1–1 (93), N.M.S.A.1953 (Repl.Vol. 4).

On June 23, 1972, the district judge of Chaves County entered an order denying the motion, finding that no adequate grounds for relief were set forth and that an evidentiary hearing was not required.

On July 25, 1972, the defendant filed a notice of appeal from the order denying relief under Rule 93, supra, and the district court had counsel appointed to represent defendant, on appeal, August 29, 1972. In his appeal the defendant asserts four points for reversal: (1) that defendant was illegally sentenced after his conviction to a term of not less than three and not more than ninety-nine years in 1955; (2) that defendant was not represented by counsel at

the preliminary hearing and did not intelligently waive right of counsel; (3) that defendant was denied an evidentiary hearing on his claim that he had incompetent counsel; (4) that defendant had incompetent counsel during the court trial of the case.

On July 16, 1955, a preliminary hearing was held in which the defendant was present but without counsel. He was charged with the crime of murder contrary to § 40–24–4, N.M.S.A.1953 (Original Vol. 6).

Defendant was bound over to the district court for jury trial and counsel was appointed to represent him at the trial. Defendant was convicted of second-degree murder and on December 20, 1955, ·was sentenced pursuant to § 40–24–10, N.M.S.A. 1953 (Original Vol. 6) which provided that:

" ' . . . Every person convicted of murder in the second degree shall be punished by imprisonment in the state penitentiary for *any period of time not less than three [3] years;* . . . . ' "

No direct appeal was taken by the defendant.

We affirm.

(1) *The defendant was lawfully sentenced.*

The defendant claims that the sentence given him was invalid and illegal because the district judge had no right to sentence him for a term from three to ninety-nine years. Defendant cites State v. Romero, 73 N.M. 109, 385 P.2d 967 (1963) as his authority. To explain our holding, it is necessary to chronologize certain pertinent events as follows: (a) June 10, 1955. This is the effective date of § 41–17–1, N.M.S.A. 1953, (Since Repealed), the so-called "Indeterminate Sentence Law," which provided:

"41–17–1. PENITENTIARY SENTENCE — LENGTH — RELEASE — SUSPENSION OF SENTENCE—BREACH OF CONDITIONS.—Every person who shall be convicted of a felony or other crime punishable by imprisonment in the penitentiary, if judgment

be not suspended or a new trial granted, shall be sentenced to the penitentiary. The court in imposing such sentence shall fix the maximum and minimum duration of the same. The term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term fixed by the court. . . . "

(b) June 30, 1955. This is the approximate date of the commission of the act for which defendant was convicted of second-degree murder; (c) November 26, 1955. This is the approximate date of defendant's sentencing to not less than three nor more than ninety-nine years after his conviction of second-degree murder; (d) July 1, 1963. This is the date that §§ 40–24–4, 40–24–10, and 41–17–1, supra, were repealed; (e) September 16, 1963. This is the date of issuance of the opinion in State v. Romero, supra. The Supreme Court held that the Indeterminate Sentence Law required: " * * * a trial judge to sentence a person found guilty of a given offense to the minimum and maximum provided by statute for said offense. It was intended to take away the discretion previously existing in the trial court, to sentence to any term within the minimum and maximum fixed in the particular penal statute. * * * "; (f) February 15, 1971. This is the date of issuance of the opinion in State v. Allen, 82 N.M. 373, 482 P.2d 237 (1971). The Supreme Court held valid a 1962 sentence of not less than three years nor more than fifty years for second-degree murder.

We, therefore, hold that the 1955 sentence of not less than three nor more than ninety-nine years was valid in light of the language in §§ 41–17–1 and 40–24–10, supra, as decided in State v. Allen, supra. Section 40–24–10, supra, provided no specific maximum. State v. Sisneros, 81 N.M. 194, 464 P.2d 924 (Ct.App.1970).

(2) *The court did not err in not appointing counsel for defendant at the preliminary hearing and defendant's constitutional rights were not violated.*

The defendant was brought before the court for his preliminary hearing on July 16, 1955. After pleading not guilty, defendant was advised that he had the right to retain an attorney for the preliminary hearing, but that the state could not furnish counsel for him. Defendant was advised that counsel would be provided, free of charge at the trial if he was bound over to district court. Defendant stated that he had no funds for counsel at the preliminary hearing. The hearing proceeded with defendant not having counsel.

■■■ We have no record of the proceedings at the district court trial. Any right that defendant had, if he did, for counsel at the preliminary hearing was waived when he proceeded to trial at the district court level. State v. Blackwell, 79 N.M. 230, 441 P.2d 759 (1968); and Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). The question of error in a preliminary hearing is foreclosed by failure to take an appeal from original conviction. Rule 93, supra; State v. Garcia, 80 N.M. 21, 450 P.2d 621 (1969); Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

■■ Defendant failed to show that he did not waive any alleged rights. Notwithstanding this failure, we hold that the right to counsel of an indigent defendant at a preliminary hearing is not to be applied to cases decided before the issuance of the opinion in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

(3) *We hold that points 3 and 4 of defendant are without merit. The district court did not err in denying defendant's motion without an evidentiary hearing.*

■■ A defendant who seeks post-conviction relief must allege some specific factual basis for the relief sought and not some vague conclusional charges. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). An allegation of denial of effective assistance of counsel or that trial counsel was incompetent must be supported by allegations in the petition stating why counsel's representation was such that defendant's trial was a sham, farce or mockery, lest the court not know whether defendant's claims fall within the cases where post-conviction relief has been denied where the claim was incompetent counsel, such as in State v. Pavlich, 80 N.M. 747, 461 P.2d 229 (1969); State v. Montoya, 81 N.M. 233, 465 P.2d 290 (Ct.App.1970); Ewing v. State, 80 N.M. 558, 458 P.2d 810 (Ct.App. 1969).

Defendant's motion fails to show any factual basis for relief sought. State v. Blackwell, supra, and State v. Tafoya, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970).

(4) *Jurisdictional issue.*

■ Notice of appeal in this case was filed more than thirty days after entry of the final order in the district court. This raises a jurisdictional problem. This court has no jurisdiction pursuant to Rule 93(e), supra; S.Ct. Rule 5; State v. Garlick, 80 N.M. 352, 456 P.2d 185 (1969); State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967); State v. Weddle, 79 N.M. 252, 442 P.2d 210 (Ct.App.1966).

The order denying relief is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.