Mario Pittoni, J.
Having been served with a subpoena duces tecum by the respondent Commissioner of Accounts of Nassau County, the petitioner now applies to this court for an order vacating and setting aside the subpoena.
In the meantime, pending the determination of this application, all further proceedings have been stayed by the restraint in the order to show cause.
The petitioner contends that the subpoena is invalid and ineffective as to him, on the grounds that he is not a governmental employee, and is solely a private citizen, and that the Commissioner has no power to examine the records or to investigate the affairs of private citizens; that section 2213 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.), under which the Commissioner is acting, is unconstitutional, in that it attempts to make criminal the failure to appear and be examined by the Commissioner; and that the subpoena is void in that the required warning of the punishment to be inflicted in the event *999 of failure to appear and produce does not conform to the applicable statutes. The petitioner also makes other contentions in his brief.
The Commissioner shows that he has been conducting an examination into the accounts, methods and activities of the Park Department, and that in the course of this examination a Park Department employee gave sworn testimony that the petitioner had on at least 15 occasions paid money to that employee in order to get business from builders working on county sumps. The Commissioner states further that the nature of the payments involved make it impossible for him to designate with certainty where the notations concerning these payments may be in the petitioner’s books and records. Therefore, says he, the subpoena must be in the form as prepared herein.
Clearly, the Commissioner has the power to subpoena and to conduct examinations into departments and other divisions of the county. He has ‘ ‘ power to * * * make such other examinations as he may deem to be for the best interest of the county, of the accounts, methods and activities of each department, institution, office or agency of the county * * * without exception, and to report to the County Executive his findings thereon ” (County Government Law of Nassau County, § 206). And he also has ‘ ‘ the power to administer oaths and affirmations and to compel the attendance of witnesses and the production of books and papers, and any person disobeying a valid subpoena thereof, * * * shall be guilty of a misdemeanor.” (County Government Law of Nassau County, § 2213.)
The clear language of the County Government Law of Nassau County negates the petitioner’s argument that the Commissioner’s power to examine and investigate is limited to governmental employees, and that he may not examine private citizens and their records. In fact, the mere statement of the petitioner’s position shows its fallacy. The effect of his position would be to limit the examinations to the very persons and records being investigated. How could the Commissioner tell if all the transactions were recorded or properly recorded when governmental dealings with private persons were involved? Furthermore, the language of the New York City Charter, similar to that in issue, was considered in Matter of Hertle (120 App. Div. 717, 720, affd. 190 N. Y. 531), and the court said that the Commissioner of Accounts was clothed ‘ ‘ with power to ascertain not only what the books of the office showed, but what they ought to show, by requiring witnesses to submit to an examination, to the end that the actual transactions of the office in all its details, as well as every act of the officer himself and his subordinates and *1000 employees ■ in connection therewith might be laid before the mayor.??. And in Matter of Edge Ho Holding Corp. (256 N. Y. 374, 380), Chief Judge Cardozo said: “We have held.that the Commissioner’s.power to inquire is not limited to witnesses in the service , of the city, and that there is no privilege of silence when reticence, if tolerated, would thwart the public good (Matter of Hirshfield v. Hanley, 228 N. Y. 346).”
The petitioner also contends that section 2213 of the County Government Law of Nassau County, which commands the appearances of witnesses when served with the Commissioner’s subpoena, violates the self incrimination provisions of the Constitutions. In so doing he refers to various cases involving hearings, proceedings and investigations in which witnesses have been forced to testify or to exhibit their books and records for examination, but with statutory immunity having been given. He then points out that the County Government Law of Nassau County is silent with respect to immunity, such as mentioned in section 2447 of the Penal Law. However, the petitioner fails to recognize that the immunity statutes which he discusses declare, define and describe the machinery and methods by which reluctant witnesses, apparently protected by self incrimination provisions, may be forced to disclose information in return for immunity against prosecution. But absent such an immunizing statute, the petitioner, may still, plead his constitutional and statutory protections against self incrimination at the proper timé. The jeopardy or danger of self incrimination does not arise or occur until the petitioner has appeared before the Commissioner to testify, and is then asked to reveal the contents of his books and records. (United Ind. Syndicate v. Weismann, 2 A D 2d 663; Heit & Weisenthal v. Licht, 218 App. Div. 753; Matter of Bonanno v. Ryan, 18 Misc 2d 711.)
The petitioner’s contention that, section 206 of the County Government Law of Nassau County violates the separation of powers principles of the New York Constitution and the due process clauses of the Federal Constitution is not clearly presented. Apparently, he contends that the provision (County Government Law of Nassau County, § 206) which allows the Commissioner to make examinations “ as he may deem to be for the best interest of the County ’ ’ lacks sufficient standards to guide and control and limit an administrative officer. However, he has confused the present .situation with administrative hearings and proceedings in. .which administrative bodies or officers take testimony in contested matters, and then render decisions which may deprive persons of rights, liberty or property. They are semijudicial hearings and decisions. In such case's the due *1001 process clauses do command the Legislatures to impose certain guiding and controlling standards .upon the administrative officers or bodies. And some of the cases that he cites (Field v. Clark, 143 U. S. 649; Panama Refining Co. v. Ryan, 293 U. S. 388; Schechter Poultry Corp. v. United States, 295 U. S. 495; People v. Klinck Packing Co., 214 N. Y. 121; and Packer Collegiate Inst. v. University of the State of N. Y., 298 N. Y. 184) were merely-concerned with the constitutionality of delegating legislative powers to administrative bodies without sufficient standards to guide, control or limit the administrative bodies. Under section 206, however, the Commissioner merely examines or investigates. He then reports his findings to the County Executive, and his work is done. He does not prosecute, he does not decide, he does not legislate and he does not give administrative direction. His powers and duties are far more restricted than the investigative powers of the Attorney-General or the District Attorney. Surely the petitioner cannot contend that the due process requirement of reasonable legislated standards applicable to administrative rule-making powers or to administrative decisional hearings and proceedings apply to the Attorney-General, to the District Attorney or to the Commissioner of Investigation of the City of New York. Clearly, therefore, they do not apply to the Commissioner. In fact, legislation similar to that now attacked has been held constitutional in Dunham v. Ottinger (243 N. Y. 423, 432-434) where the court said (p. 434): “ The power to investigate and examine witnesses to the end of a better discharge of their duties has been conferred upon administrative boards and officials without successful challenge by so many statutes that it is undesirable to refer to them all ”.
The petitioner also argues that the Commissioner is acting beyond the scope, of his office. However, after stating that if criminality is involved the matter should be investigated-by the District Attorney or the Grand Jury, he fails to give any authority for his position. The Commissioner has been given certain examining and investigative duties by the County Government Law of Nassau County, and nowhere is it stated that the Commissioner has been given the duty to investigate, charge or prosecute crime. He has merely received the power and duty to investigate and gather facts, and then to report his findings to the County Executive. In short, he is only a fact-finder for the County Executive. (Matter of Hertle, 120 App. Div. 717, 720, affd. 190 N. Y. 531, supra.)
The petitioner also says that the scope of the subpoena is too broad. However, the Commissioner cannot know which of the petitioner’s records contain entries regarding the 15 cash.pay- *1002 merits allegedly made to a county employee. The petitioner’s position, if upheld, would require the Commissioner to know beforehand the very information he now seeks. The items sought may be in the petitioner’s business, books and records or may be recorded in his income tax records.as,business deductions. Therefore, on the basis of the affidavits presented herein, the petitioner has failed to show that the subpoena calls for documents irrelevant to the inquiry. In Matter of Edge Ho Holding Corp. (256 N. Y. 374, 381-382, supra), Judge Cardozo said: “ The powers devolved by the charter upon the Commissioner of Accounts are of great importance for the efficient administration of the huge machinery of government in the city of New York. They will be rendered to a large extent abortive if his subpoenas are to be quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance. Very often the bearing of information is not susceptible of intelligent estimate until it is placed in its setting, a tile in the mosaic. Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ. Prophecy in such circumstances will step into the place that description and analysis may occupy more safely. Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold.”1 The contention that the subpoena is improper in form and that it does not contain a sufficient warning is without merit. Section 2213 does not define the form and content of a subpoena and the subpoena herein conforms, on all fours, with section 403 of the Civil Practice Act. The petition is dismissed .and the stay is vacated.