577 P.2d 414 (1978)
In re INVESTIGATION NO. 2 OF the GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION.
STATE ex rel. the GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION, Petitioner-Appellee,
v.
Carlos JARAMILLO and Johnny Vigil, Respondents-Appellants.
No. 11635.
Supreme Court of New Mexico.
March 21, 1978.
*415 Marchiondo & Berry, William C. Marchiondo, Albuquerque, for Vigil.
David L. Norvell, Albuquerque, for Jaramillo.
Toney Anaya, Atty. Gen., Dennis M. Murphy, Asst. Atty. Gen., Santa Fe, Harris L. Hartz, Sp. Asst. Atty. Gen., Albuquerque, for petitioner-appellee.

OPINION
PAYNE, Justice.
This case involves the validity of a subpoena duces tecum issued pursuant to the Organized Crime Act, as amended, §§ 39-1-1 et seq., N.M.S.A. 1953 (Supp. 1975 & Inter. Supp. 1976-77). The Governor's Organized Crime Prevention Commission, in an investigation to determine whether the liquor industry in New Mexico has been infiltrated by organized crime, subpoenaed records of a Santa Fe bank covering loans and bank accounts belonging to the State Liquor Director Carlos Jaramillo. Jaramillo moved to quash the subpoena, stating that the Act was unconstitutional. The trial judge denied the motion and Jaramillo appealed.
Jaramillo challenges the constitutionality of the Act under three theories:

(1) Does the United States Constitution require a showing of probable cause before records of a business can be subpoenaed?

It is Jaramillo's claim that the fourth and fourteenth amendments of the United States Constitution require a showing of probable cause before records of a business can be subpoenaed. We disagree. The Commission is an investigatory rather than an accusatory body and therefore its subpoenas are administrative subpoenas. Dixon v. Pennsylvania Crime Commission, 347 F. Supp. 138 (M.D.Pa. 1972); Illinois Crime Investigating Com'n v. Buccieri, 36 Ill.2d 556, 224 N.E.2d 236 (1967). Administrative subpoenas, including subpoenas duces tecum, are not subject to the search and seizure provisions of the fourth amendment. United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); 1 K. Davis, Administrative Law Treatise, § 3.05 (1958). The fourth amendment, however, requires that a subpoena be sufficiently limited in scope and relevant in purpose. See v. City of Seattle, 387 U.S. 541, 544, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).
The United States Supreme Court has set three requirements an agency must meet in issuing subpoenas: (a) the inquiry must be within the authority of the agency; (b) the demand must not be too indefinite; and (c) the information must be reasonably relevant to the purpose of the investigation. Morton, supra, 338 U.S. at 652, 70 S.Ct. 357. If a subpoena does not meet the three requirements then it is violative of the fourth amendment.
Under the Act the Legislature provided that the Commission must petition the district court to obtain a subpoena. The district court must determine whether the investigation is within the power of the Commission, whether the subpoena is definite enough and whether the material sought is reasonably relevant. What is reasonably relevant depends on the nature and purpose of the investigation and relevancy cannot be determined in the absence of a stated purpose. Once the purpose is ascertained *416 it must be shown that the material sought has a logical relation to the purpose of the investigation. Oklahoma Press, supra, 327 U.S. at 209, 66 S.Ct. 494; See also Davis, supra, § 3.06. If the Commission is able to make such a showing the subpoena will issue.
After a subpoena is issued the individual or institution upon whom it is served has an opportunity to challenge it. The subpoenas issued under the Act ask only for voluntary compliance. Under § 39-9-4 D, N.M.S.A. 1953 (Inter. Supp. 1976-77) of the Act the Commission is authorized to go to any district court to seek enforcement of the subpoena. The Legislature must have contemplated that the subpoenaed person would be allowed to show at that hearing why the subpoena should not be enforced.
We need not reach the question of whether the subpoena in the present case was proper. The trial court held that Jaramillo could not intervene to challenge the sufficiency of the petition upon which the subpoena was issued. Jaramillo did not appeal that ruling.

(2) Is the Act unconstitutionally vague and indefinite?

Appellant claims that the Act is unconstitutionally vague and indefinite. We hold the Act is not the type of statute that is amenable to a claim of vagueness. In State v. Najera, 89 N.M. 522, at 522, 554 P.2d 983, at 983 (Ct.App. 1976) the Court of Appeals stated:
The vagueness doctrine is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to the nature of the proscribed activity. (citations omitted).
No one can be found guilty of violating the Act. The Act is not a penal act. The only sanction that can come from the Act is a contempt citation for failure to abide by a court order. The Act therefore is not unconstitutionally vague or indefinite.

(3) Does the title of the Act violate art. IV, § 16 of the New Mexico Constitution?

The New Mexico Constitution provides that, "The subject of every bill shall be clearly expressed in its title." Appellant claims that because the 1977 amendment to the Act for the first time authorizes the Commission to investigate racketeering, the title of the amendment should have contained the word "racketeering." We disagree. In the case of State v. Humble Oil & Refining Co., 55 N.M. 395, 420, 234 P.2d 339, 356 (1951), this Court stated:
It seems to us that the construction of the section of the constitution in question which most truly follows its spirit without being so narrowly technical on the one side so as to substitute the letter for the spirit, or so foolishly liberal on the other as to render the constitutional provision nugatory, is that when it appears from the title of the act that certain specific provisions of another act are to be amended, the body of the amending act may contain only matter which is reasonably germane to the subject matter of the sections which are stated by the title to be the subject of amendment * * *.
We hold that racketeering is reasonably germane to the subject matter of organized crime and therefore the word "racketeering" does not need to appear in the title to Ch. 215, 1977 N.M. Laws 712, which amended the Act.
We affirm the decision of the trial court.
IT IS SO ORDERED.
SOSA, EASLEY and FEDERICI, JJ., concur.
McMANUS, C.J., specially concurring and dissenting.
McMANUS, Chief Justice, specially concurring and dissenting.
The trial court granted appellant's petition to intervene and object to the issuance of the subpoenas for the limited purpose of challenging the constitutionality of the Act which created the Organized Crime Prevention Commission. The majority opinion correctly holds that the Act does not violate the fourth and fourteenth amendments of *417 the United States Constitution, nor is the Act unconstitutionally vague, nor is title of the Act defective. I concur in the opinion to that extent. However, I feel that there are certain constitutional questions which this Court should properly consider.
The New Mexico Constitution Art. II, § 18 provides "No person shall be deprived of life, liberty or property without due process of law * * *" Art. II, § 10 guarantees that "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, * * *" It is not clear from the record before us if the appellant properly raised the constitutionality of the Act under our constitution before the trial court. The trial court in its decision concluded that the Act did not violate the due process clause of the New Mexico Constitution. The majority opinion does not reach this question because it was not raised or briefed by appellant.
I recognize that this Court does not decide abstract constitutional questions, State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967), nor do we reach constitutional issues when a case may be disposed of on other grounds, Ratliff v. Wingfield, 55 N.M. 494, 236 P.2d 725 (1951). We do, however, reserve the power to decide questions not preserved for review when those issues concern the general public interest or fundamental rights of a party. N.M.R.Civ.App. 11 [21-12-11, N.M.S.A. 1953 (Supp. 1975)]. That due process of law is a fundamental right cannot be questioned. This Court has on rare occasions granted a party standing to raise certain constitutional issues, e.g., State ex rel. Sego v. Kirkpatrick, 86 N.M. 359, 524 P.2d 975 (1974), or decided constitutional questions in its discretion, e.g., State v. Campbell, 75 N.M. 86, 92, 400 P.2d 956, 960 (1965). Since this issue was decided by the trial court, I feel that this Court should consider the question of whether the New Mexico Constitution requires a showing of probable cause before records of a business may be subpoenaed.
The majority opinion is correct in the legal interpretation of the federal due process standards as applied to administrative subpoenas. The United States Supreme Court has granted broad subpoena powers to administrative agencies to investigate private individuals and their papers, but this state need not adopt that federal standard. In State of New Mexico ex rel. Serna v. Hodges, 89 N.M. 351, 356, 552 P.2d 787, 792 (1976) we stated:
[We are] the ultimate arbiters of the law of New Mexico. We are not bound to give the same meaning to the New Mexico Constitution as the United States Supreme Court places upon the United States Constitution, even in construing provisions having wording that is identical, or substantially so, "unless such interpretations purport to restrict the liberties guaranteed the entire citizenry under the federal charter." People v. Brisendine, 13 Cal.3d 528, 548, 119 Cal. Rptr. 315, 328, 531 P.2d 1099, 1112 (1975).
The Legislature passed this Act in the exercise of its authority, but the Legislature's power is limited, as is the Judiciary's, by our constitution and that constitution is the yardstick by which we must measure legislative acts. State v. Mechem, 63 N.M. 250, 316 P.2d 1069 (1957). The guarantees of due process and freedom from unreasonable searches may not be abridged by either the legislative, executive, or judicial branch of government.
The Act gives the Commission power to subpoena records in its investigations. Although administrative subpoenas are not equivalent to the search and seizure provisions associated with a warrant, a subpoena in aid of an investigation is clearly a search of a citizen's papers and effects. This type of a subpoena which calls for the production of private records functions in the same manner as a warrant insofar as it violates one's constitutional right to be secure in their papers and effects. Therefore, it appears that a minimum of due process is required, i.e., a showing of probable cause to investigate. In this instance, I would adopt a different approach from the federal due process standard and grant the citizens of this state greater protection "in their *418 persons, papers, homes and effects" by requiring the Commission to prove to a judicial officer that it has probable cause to call for the collection and release of such documents. I recognize that this would place an additional burden on the Commission in fulfilling its duties, but I feel the constitution mandates this result.
Notwithstanding the above issues, there still remains a question as to the relevancy and specificity of the documents requested by the Commission. This issue was not resolved by the trial court because the scope of appellant's intervention was limited to challenging the constitutionality of the Act. This decision was proper based upon N.M. Rules Civ.Pro. Rule 24(b) [§ 21-1-1(24)(b), N.M.S.A. 1953 (Repl. 1970)]. The propriety of the subpoena remains as a major issue to be resolved in a subsequent proceeding if challenged by the Bank. The majority opinion requires the Commission to meet three requirements in supporting the validity of its subpoena; (1) the inquiry must be within the authority of the agency, (2) the request must be specific, and (3) the information must be relevant. Although I would require the subpoena to meet a probable cause standard, it remains to be seen if the subpoena can meet even the lesser requirements outlined by the majority.
For the reasons stated above, I concur in the majority opinion on the issues decided therein, but I dissent in the ultimate result which would require a standard of less than probable cause to enforce a subpoena issued by the Organized Crime Prevention Commission.