602 P.2d 622 (1979)
93 N.M. 525
In re INVESTIGATION NO. 2 OF THE GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION.
GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION, Petitioner-Appellee,
v.
Carlos L. JARAMILLO, Respondent-Appellant.
No. 12197.
Supreme Court of New Mexico.
November 14, 1979.
David L. Norvell, Albuquerque, for appellant.
Harris L. Hartz, Albuquerque, Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Jane H. Yaker, Asst. Attys. Gen., Santa Fe, for appellee.
Raymond W. Schowers, Dan A. McKinnon, III, Gregory D. Huffaker, Jr., Albuquerque, Amicus Curiae.

OPINION
EASLEY, Justice.
Jaramillo, the former New Mexico State Liquor Director, appeals from a contempt order entered by the district court after he failed to produce, at a hearing before the *623 Governor's Organized Crime Prevention Commission (Commission), certain documents pursuant to a subpoena duces tecum which the district court had previously ordered enforced. We reverse.
The case turns on whether Jaramillo waived his right against self-incrimination by failing to raise the issue at the subpoena enforcement hearing before the district court, rather than later at the agency hearing held pursuant to the trial court's order that the documents be produced for the Commission.
In conjunction with an investigation concerning infiltration of organized crime into the liquor industry in New Mexico, the Commission issued a subpoena ordering Jaramillo to appear before it and to produce for inspection certain of his personal and corporate records. Jaramillo appeared as directed, but no court reporter was available. He was asked to return later in the day; he refused to do so.
Since the Commission's subpoena was not of itself binding, it brought an action in district court to enforce the subpoena. Jaramillo and his attorney appeared at a hearing on an order to show cause why he should not produce the documents demanded. Jaramillo argued that production of the documents would be unnecessarily burdensome and that the Commission already had the requested documents. He did not raise the privilege against self-incrimination as a defense. His attorney stated that he would appear at the Commission hearing later and produce whatever documents were within his control, but that he would assert whatever privileges were available in response to questions from the Commission. The trial court ordered the subpoena enforced.
When Jaramillo appeared before the Commission, he refused to produce some of the requested documents on the ground that they might tend to incriminate him. The Commission went back to district court for a contempt order. That court held that any Fifth Amendment privileges were waived when they were not asserted in the earlier subpoena enforcement hearing.
Jaramillo asserts that the enforcement hearing was not the proper forum in which to raise his privilege and that failure to assert it there could not constitute a waiver. He further states that he put the Commission and the trial court on notice at the enforcement hearing that he was going to claim "certain privileges" at the administrative hearing later.
The subpoena duces tecum called for Jaramillo to produce various items within his control involving at least six business entities. The language of the subpoena was broad: it asked for such things as all checks, billings, bank statements and invoices involving the listed businesses, from January 1, 1971 to the present. Jaramillo knew the general categories of documents requested by the Commission at the time of the enforcement hearing; the subpoena spelled these categories out. And, apparently, at the Commission hearing Jaramillo produced some of these requested documents.
It is obvious that Jaramillo could not have known the incriminatory aspects of specific documents until the Commission hearing, when their incriminatory nature could be considered in the context of the specific questions asked. He raised his claim of privilege with respect to three specific requests by the Commission: those documents relating to two trips, one to Las Vegas and one to Mexico, and those involving the lease or purchase of a specific liquor license.
It is further obvious that under the above circumstances, Jaramillo would have been premature in raising a blanket claim of privilege at the subpoena enforcement hearing as to either entire categories of the subpoenaed documents or as to all documents relating to one of the listed business entities.
The American Civil Liberties Union's amicus curiae brief in support of Jaramillo's position asserts that, in some circumstances, the invocation of the privilege is premature prior to appearing before an investigative body. It claims: that the evaluation of a *624 claim of privilege before the witness appears under oath and refuses to answer a specific question is inefficient and awkward because the district court is not familiar with the subject matter and the scope of the Commission's inquiry; that the court cannot intelligently assess the validity of the witness' claim of privilege because it cannot compare a specific question or demand with a specific, allegedly incriminatory answer or document; and that if the district court decided the self-incrimination issue, then it could, in a case where it found the claim to be well founded, frustrate the Commission's discretionary power to grant immunity under Section 29-9-9, N.M.S.A. 1978.
This issue has not been previously considered by the New Mexico courts. However, federal and state courts have held that claims of privilege are premature before incriminatory information is specifically requested, either in the form of questions or documents, by the investigating agency. United States v. Malnik, 489 F.2d 682 (5th Cir.1974); United States v. Bell, 448 F.2d 40 (9th Cir.1971); Fielder v. Berkeley Properties Company, 23 Cal. App.3d 30, 99 Cal. Rptr. 791 (Ct.App. 1972); Gilmartin v. Lipson, 34 Misc.2d 998, 229 N.Y.S.2d 611 (1962). We agree with this general principle of law and hold that it is applicable here.
New Mexico courts have repeatedly held that constitutional rights can be waived, either by a failure to raise them or by a failure to raise them in a timely fashion. Baird v. State, 90 N.M. 667, 568 P.2d 193 (1977); Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968); State v. Montoya, 81 N.M. 233, 465 P.2d 290 (Ct.App. 1970); State v. Gonzales, 80 N.M. 168, 452 P.2d 696 (Ct. App. 1969). "Waiver of constitutional rights, however, is not lightly to be inferred." (Citations omitted.) Smith v. United States, 337 U.S. 137, 150, 69 S.Ct. 1000, 1007, 93 L.Ed. 1264 (1949).
To sustain the decision of the trial court we must infer a waiver of Jaramillo's right against self-incrimination from the bare fact that he failed to affirmatively assert it at the hearing at which the trial judge ordered him to produce the documents requested. However, such an inference flies in the face of the statement at the time by Jaramillo's attorney that on Jaramillo's appearance before the Commission he "does not submit himself to questioning that he is not able to protect himself from by the exercise of certain privileges in responding." Thus, contrary to there being evidence from which to infer waiver, there was a specific statement to the court and the Commission that Jaramillo would protect himself at the Commission hearing by asserting his privileges. We hold that waiver was "lightly" inferred by the trial court under these facts. Smith, supra.
The decision below is reversed and the contempt charge is dismissed.
IT IS SO ORDERED.
FEDERICI and FELTER, JJ., concur.