Richard **MITZELFELT**, Director of the Environmental Improvement Division of the New Mexico Health and Environment Department, Plaintiff–Appellant,

v.

**DEPARTMENT OF AIR FORCE**, Defendant–Appellee.

Colorado, Texas, Kentucky, Washington, Missouri, Indiana, Michigan, Nebraska, Wyoming, Louisiana, Kansas, Hawaii, Minnesota, Arizona, Maine, Illinois, Utah, California, Montana, New Hampshire, New Jersey and Ohio, Amicus Curiae.

No. 89–2223.

United States Court of Appeals, Tenth Circuit.

May 21, 1990.

Felicia L. Orth, Sp. Asst. Atty. Gen., Office of General Counsel, Health and Environment Department, Santa Fe, New Mexico, for plaintiff-appellant.

Jeffrey P. Kehne, Attorney, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C. (Lt. Colonel Richard B. Lotz, of counsel, Headquarters USAF/JACE, Bolling Air Force Base, Washington, D.C., Richard B. Stewart, Asst. Atty. Gen., David J. Kaplan and Jacques B. Gelin, Attorneys, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., with him on the brief), for defendant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael R. Hope, Deputy Atty. Gen., CERCLA Section, Denver, Colo., on the brief for amici curiae.

Before ANDERSON, EBEL, Circuit Judges, and BROWN,[*] District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

The sole issue in this appeal is whether section 6001 of the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6961, waives all federal sovereign immunity from state civil penalties. We hold that it does not.

This case arose when the State of New Mexico notified the United States Air Force that Cannon Air Force Base was violating the State's hazardous waste laws. After all but one of the violations was corrected, the State ordered the Air Force to remedy the situation and assessed a $5,000 civil penalty. The Air Force corrected the remaining problem but refused to pay the fine. New Mexico sued to collect the penalty. The district court dismissed the action on the grounds of federal sovereign immunity.

Section 6001 of RCRA provides that every federal department, agency, and instrumentality

"shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirements for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal...."

42 U.S.C. § 6961. Courts and commentators have split on the question of whether or not this provision waives federal sovereign immunity to state-imposed monetary penalties, with the majority holding that it does not. *Compare United States v. Washington*, 872 F.2d 874, 875 (9th Cir. 1989) *and California v. United States Dep't of Defense*, 18 Envtl.L.Rep. (Envtl.L. Inst.) 21,023, 21,024 (E.D.Cal.1988), *aff'd*, 878 F.2d 386 (9th Cir.1989) *and McClellan Ecological Seepage Situation (MESS) v. Weinberger*, 655 F.Supp. 601, 603 (E.D.Cal. 1986) *and Meyer v. United States Coast Guard*, 644 F.Supp. 221, 222–23 (E.D.N.C. 1986) *and Florida Dep't of Envtl. Reg. v. Silvex Corp.*, 606 F.Supp. 159, 164 (M.D. Fla.1985) *and* Donnelly & Van Ness, *The Warrior and the Druid—The DOD and Environmental Law*, 33 Fed.Bar News 37, 39 (1986) *with Maine v. Department of the Navy*, 702 F.Supp. 322, 330 (D.Me.1988) *and Ohio v. United States Dep't of Energy*, 689 F.Supp. 760, 764 (S.D.Ohio 1988), *appeal docketed*, No. 89–3329 (6th Cir. Apr. 20, 1989) *and* Note, *How Well Can States Enforce Their Environmental Laws When the Polluter Is the United States Government?*, 18 Rutgers L.J. 123, 131 (1986).

"As sovereign, the United States, in the absence of its consent, is immune from suit." *Library of Congress v. Shaw*, 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986). "[A] waiver of the traditional sovereign immunity 'cannot be

---

[*] Honorable Wesley E. Brown, Sr. Judge, U.S. District Court for the District of Kansas, sitting by designation.

implied but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)). "Waivers of immunity must be 'construed strictly in favor of the sovereign' and not 'enlarge[d] ... beyond what the language requires.'" *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983) (quoting *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927)) (emphasis added). Applying these principles, we hold that the penalty New Mexico seeks to exact from the Air Force is not a "requirement[ ] ... respecting control and abatement of solid waste or hazardous waste disposal," 42 U.S.C. § 6961. Therefore, federal sovereign immunity bars New Mexico's claim.

First, the word "requirements" in section 6001 does not unambiguously include civil penalties. While interpreting an analogous statute, the Supreme Court rejected the argument "that whatever is required by a state implementation plan is a 'requirement.'" *Hancock v. Train*, 426 U.S. 167, 183, 96 S.Ct. 2006, 2014, 48 L.Ed.2d 555 (1976). The word can reasonably be interpreted as including substantive standards and the means for implementing those standards, but excluding punitive measures. *See Parola v. Weinberger*, 848 F.2d 956, 961 (9th Cir.1988); *California v. Walters*, 751 F.2d 977, 978 (9th Cir.1984). "[E]ven when Congress clearly provides that federal facilities are to comply with state requirements, states may not impose sanctions for noncompliance—either civil or administrative—absent express Congressional authorization." Donnelly & Van Ness, *supra*, 33 Fed.Bar News at 38 (citing *Missouri Pac. Ry. Co. v. Ault*, 256 U.S. 554, 563–64, 41 S.Ct. 593, 597, 65 L.Ed. 1087 (1921)) (emphasis added).

Second, the circumstances surrounding the enactment of RCRA do not show a clear intention to waive federal sovereign immunity to state civil penalties. The legislative history is quite general and makes no reference to such measures, *see* S.Rep. 988, 94th Cong., 2d Sess. 23–24 (1976); 122 Cong.Rec. 32,599, 33,817 (1976), but New Mexico argues that section 6001 must be read expansively because it was a rejoinder by Congress to the Supreme Court's decisions in *Hancock v. Train*, 426 U.S. at 198, 96 S.Ct. at 2021, and *Environmental Protection Agency v. California ex rel. State Water Resources Control Board*, 426 U.S. 200, 227, 96 S.Ct. 2022, 2035, 48 L.Ed.2d 578 (1976), that the word "requirements" in the Clean Air Act and the Clean Water Act did not include state permit requirements. The Court noted that the statutes required federal installations to comply with state requirements, but not with *"all"* state requirements. *Hancock v. Train*, 426 U.S. at 182, 96 S.Ct. at 2014 (emphasis in original). The Court also drew a distinction between substantive requirements and procedural requirements. *Id.* at 183, 96 S.Ct. at 2014–15. Congress reacted by using the following language in RCRA: *"all"* Federal, State, interstate, and local requirements, *both substantive and procedural,*" 42 U.S.C. § 6961 (emphasis added).

■ However, the fact that the RCRA language was a response to these decisions does not compel the conclusion that the waiver of sovereign immunity extends to civil penalties. Congress continued to waive immunity only to "requirements," rather than something broader. In contrast, the Clean Air Act, the Clean Water Act, and the Safe Drinking Water Act were amended in response to *Hancock* and *Environmental Protection Agency* to waive sovereign immunity to "requirements, administrative authority [or authorities], and process and *sanctions.*" *See* 42 U.S.C. § 7418(a); 33 U.S.C. § 1323(a); 42 U.S.C. § 300j–6(a) (emphasis added). Also, the House of Representatives version of RCRA, which was discarded in favor of the current language, specifically subjected federal agencies to civil penalties. *See* H.R. 14496, 94th Cong., 2d Sess. (1976). Congress knew how to indicate an intent to waive federal sovereign immunity to state

civil penalties, and it did not do so when it enacted RCRA.[1] The legislative response in RCRA to *Hancock* and *Environmental Protection Agency* was narrow, and did not extend the waiver far beyond what had been waived in previous statutes. *United States ex rel. Tennessee Valley Auth. v. Tennessee Water Quality Control Bd.,* 717 F.2d 992, 997 (6th Cir.1983), *cert. denied,* 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); *Romero–Barcelo v. Brown,* 643 F.2d 835, 854 n. 36 (1st Cir.1981), *rev'd on other grounds,* 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982); *McClellan Ecological Seepage Situation (MESS) v. Weinberger,* 707 F.Supp. 1182, 1198 (E.D. Cal.1988).

■ Finally, we find unpersuasive the argument that we should defer to the position of the Environmental Protection Agency ("EPA") that RCRA subjects federal instrumentalities to civil penalties. The EPA regulations for the administration of RCRA define "person" to include federal agencies. 40 C.F.R. § 270.2. The regulations also authorize states to impose civil penalties upon violators. 40 C.F.R. § 271.16(a)(3). These provisions can be read to stand for the proposition that federal entities are subject to state-imposed fines,[2] but they hardly constitute a deliberate statement of EPA policy on the matter.

■ Moreover, even if the EPA had clearly stated such a position, we would not be bound by it. For one thing, administrative regulations cannot waive the federal government's sovereign immunity. *United States v. Mitchell,* 463 U.S. 206, 215–16, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983). Also, courts should defer to the judgment of an administrative agency only with reference to topics within the agency's area of expertise. *Racine v. United States,* 858 F.2d 506, 508 (9th Cir.1988); *Petrou Fisheries, Inc. v. ICC,* 727 F.2d 542, 545 (5th Cir.1984); *H.W. Wilson Co. v. United States Postal Service,* 580 F.2d 33, 37 (2d Cir.1978). The EPA's expertise is in environmental matters, not on the subject of sovereign immunity. *Cf. Lodges 743 and 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.,* 534 F.2d 422, 452 n. 48 (2d Cir.1975) (court would not defer to NLRB's judgment that certain Supreme Court decisions applied retroactively), *cert. denied,* 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976).

Because the waiver provision of RCRA is at best ambiguous as to whether or not Congress intended to waive the federal government's sovereign immunity from state civil penalties, it does not accomplish that purpose. The judgment of the district court is AFFIRMED.

**1.** *Subsequent* Congresses have interpreted section 6001 as waiving federal sovereign immunity from state civil penalties. *See* H.R.Rep. No. 141, 101st Cong., 1st Sess. 3 (1989); H.R.Rep. 253(V), 99th Cong., 2d Sess. 242 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 2835, 3124, 3335. However, the views of later Congresses are of little value in ascertaining the intent of the Congress which passed the legislation. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 117–18, 100 S.Ct. 2051, 2060–61, 64 L.Ed.2d 766 (1980) (quoting *United States v. Price,* 361 U.S. 304, 313, 80 S.Ct. 326, 331–32, 4 L.Ed.2d 334 (1960)); *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 354 n. 39, 97 S.Ct. 1843, 1864 n. 39, 52 L.Ed.2d 396 (1977); *United States v. Southwestern Cable Co.,* 392 U.S. 157, 170, 88 S.Ct. 1994, 2001–02, 20 L.Ed.2d 1001 (1968) (quoting, e.g., *Rainwater v. United States,* 356 U.S. 590, 593, 78 S.Ct. 946, 949, 2 L.Ed.2d 996 (1958); *Haynes v. United States,* 390 U.S. 85, 87 n. 4, 88 S.Ct. 722, 725 n. 4, 19 L.Ed.2d 923 (1968)); *United States v. Philadelphia Nat'l Bank,* 374 U.S. 321, 348–49, 83 S.Ct. 1715, 1733–34, 10 L.Ed.2d 915 (1963).

**2.** Such an interpretation is not mandatory, however, for nowhere do the regulations specifically subject all "persons" to such penalties.