835 P.2d 76

**John DOE and Five Unnamed Corporations, Petitioners–Appellants,**

v.

**STATE of New Mexico ex rel. GOVERNOR'S ORGANIZED CRIME PREVENTION COMMISSION, Respondent–Appellee.**

No. 20040.

Supreme Court of New Mexico.

March 18, 1992.

Paul J. Kennedy, Albuquerque, for petitioners-appellants.

Tom Udall, Atty. Gen. and Shannon Broderick, Sp. Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

FRANCHINI, Justice.

This appeal addresses a limitation on the subpoena power of the Governor's Organized Crime Prevention Commission (Commission), as set out in the Organized Crime Act, NMSA 1978, §§ 29–9–1 to· –18 (Repl.Pamp.1990) (Act). Specifically, we examine whether a corporation or a representative acting on its behalf can refuse to testify or produce evidence to the Commission on the ground that either the corporation or its representative will be exposed to criminal prosecution or forfeiture and thereby be eligible for statutory immunity pursuant to Section 29–9–9. We hold that this section of the Act does not apply to a corporation or a representative acting on its behalf.

On August 25, 1989, the Commission issued an administrative subpoena duces tecum to John Doe requesting that he produce business documents from appellant corporations. John Doe was admittedly the owner and sole shareholder of the corporations. The subpoena was issued pursuant to Section 29–9–5(C) in an investigation relative to the infiltration of organized crime and racketeering into the pornography business.

In response to the subpoena, John Doe appeared at the Commission hearing and refused to respond to questions or produce subpoenaed documents on the grounds that his Fifth Amendment rights would be violated. Proceedings to enforce the August 1989 subpoenas were undertaken in the First Judicial District Court, where, on November 6, 1990, Chief Judge Serna entered an order enforcing the Commission's subpoenas. This order was never appealed. John Doe produced a small box of documents and the Commission, finding these documents inadequate, issued more specific subpoenas to John Doe and to the appellant corporations on April 19, 1991.

A Petition to Quash, Modify or Extend the Subpoenas was filed on behalf of John Doe and appellant corporations. Judge Philip R. Ashby quashed the subpoena directed to John Doe and upheld the subpoena directed to appellant corporations. The trial court found that "the evidentiary privilege against self-incrimination of the Fifth Amendment of the United States Constitution, analogous portions of the New Mexico Constitution, and NMSA 1978, § 29–9–9, applies only to 'natural persons' and does not apply to corporations." The trial court ordered the corporate petitioners, through John Doe, to make the subpoenaed documents and records available for inspection by the Commission.

The Commission is an investigatory body that is authorized by statute to conduct investigations and issue subpoenas. § 29–9–5(B) & (C). Subsection 29–9–5(C)(4) states in relevant part:

If any person subpoenaed pursuant to this section neglects or refuses to obey the command of the subpoena, any district court may * * * issue an order for the person to appear immediately before the court, which is authorized to proceed against the person as for a contempt of court.

The subpoena can be challenged and the court, "upon a showing of good cause may set aside the subpoena, modify it or extend the return date of the subpoena." *Id.*

In a case decided before the 1979 amendments, we held that: "The Act is not a penal act. The only sanction that can come from the Act is a contempt citation for failure to abide by a court order." *In re Investigation No. 2 of the Governor's Organized Crime Prevention Comm'n,* 91 N.M. 516, 518, 577 P.2d 414, 416 (1978).

■ The section at issue is both a limitation on the investigatory power of the Commission and an investigatory tool that gives the Commission discretionary power to grant immunity. § 29–9–9; *see In re Investigation No. 2 of the Governor's Organized Crime Prevention Comm'n,* 93 N.M. 525, 527, 602 P.2d 622, 624 (1979). Subsection 29–9–9(A) states:

If, in the course of any investigation or hearing conducted by the commission pursuant to the Organized Crime Act * * *, a person refuses to answer a question or questions or produce evidence of any kind on the ground that he will thereby be exposed to criminal prosecution or penalty or forfeiture, the commission may order the person to answer the question or questions or produce the requested evidence and confer immunity as provided in this section.

"Statutes are to be read in a way that facilitates their operation and the achievement of their goals." *Griego v. Bag 'N Save Food Emporium,* 109 N.M. 287, 291–92, 784 P.2d 1030, 1034–35 (Ct.App.1989) *cert. denied,* 109 N.M. 262, 784 P.2d 1005 (1990). Appellant corporations contend that under this section, "person" includes a corporation. "Where there is ambiguity in statutory language and the meaning is not clear, the courts must resort to construction and interpretation. Any time rules of construction are applied, the overriding concern of the Court is to determine legis-

lative intent." *Methola v. County of Eddy*, 95 N.M. 329, 333, 622 P.2d 234, 238 (1980) (citations omitted). There is ambiguity in Subsection 29–9–9(A) because "person" may be extended to include a corporation. *See* NMSA 1978, § 12–2–2(E) (Repl.Pamp.1988) (statute section on rules of construction). In interpreting the meaning of "person," we must look at the entire statute as a whole so that each part is construed in connection with every other part. *See Trujillo v. Romero*, 82 N.M. 301, 305, 481 P.2d 89, 93 (1971).

■ The power to subpoena is expressly granted to the Commission. Although remedial legislation generally is liberally construed to facilitate and accomplish the intent and purpose, *State ex rel. Stratton v. Gurley Motor Co.*, 105 N.M. 803, 808, 737 P.2d 1180, 1185 (Ct.App.), *cert. denied*, 105 N.M. 781, 737 P.2d 893 (1987), any exception or limitation to the express power of the Commission should be strictly construed. *See State v. Board of County Comm'rs.*, 180 Mont. 285, 590 P.2d 602, 605 (1978) (exceptions to legislation enacted for public health, safety, and general welfare are given narrow interpretation); *see generally* 3 Norman J. Singer, *Sutherland Statutory Construction* § 65.03 (4th ed. 1986) (grant of express power carries with it authority to exercise activities reasonably necessary to carry it into effect). "A statute is strictly construed when its letter is narrowed to exclude matters which if included would defeat the policy of the legislation and produce results which do not conform to its purpose." Norman J. Singer, *Sutherland Statutory Construction* § 58.06 (Temp.Pamp. 5th ed. 1992). Allowing a corporation through its representatives to refuse to produce documents or testify would impede the Commission's power, contrary to the purpose of the Act.

■ It is appropriate to look to the history and background of the Act when determining legislative intent. *Munroe v. Wall*, 66 N.M. 15, 18, 340 P.2d 1069, 1070 (1959). The statute must be interpreted as the legislature understood it at the time it was passed. *Pan Am. Petroleum Corp. v. El Paso Natural Gas Co.*, 82 N.M. 193, 196,

477 P.2d 827, 830 (1970). We presume that the legislature knew about the existing law and did not intend to enact a law inconsistent with any existing law. *Quintana v. New Mexico Dep't of Corrections*, 100 N.M. 224, 227, 668 P.2d 1101, 1104 (1983). The language, in Section 29–9–9(A), "refuses to answer a question or questions or produce evidence of any kind on the ground that he will thereby be exposed to criminal prosecution or penalty or forfeiture," is a phrase that has acquired a particular meaning in the law, akin to a term of art. "When a statute uses terms of art, we interpret these terms in accordance with case law interpretation or statutory definition of those words, if any." *Buzbee v. Donnelly*, 96 N.M. 692, 700, 634 P.2d 1244, 1252 (1981).

■ The United States Supreme Court since the beginning of this century has held that an artificial entity is not entitled to Fifth Amendment protection against self-incrimination. *Hale v. Henkel*, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). In *Hale*, the Supreme Court of the United States interpreted an immunity provision of the Sherman Act that was similar to Section 29–9–9. The Sherman Act provision read:

> [N]o person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, in any proceeding, suit, or prosecution under said acts.

*Id.* at 66, 26 S.Ct. at 375. Hale, the secretary and treasurer of a company being investigated, refused to testify and produce documents pertaining to the company's business practices. The United States Marshal argued that the immunity statute was not designed to protect the corporation of which Hale was the agent and representative. The Court agreed, relying on the language of the Fifth Amendment and the personal nature of the privilege. Just as a person cannot assert the privilege on behalf of a third person, a corporate officer cannot assert the privilege on behalf of a corporation. *Id.* at 69–70, 26 S.Ct. at 376–77.

Most recently, in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), the Supreme Court applied the entity exception to the president and sole shareholder of a corporation who resisted producing corporate documents on the ground that the act of production would incriminate him personally. The Court reasoned that a corporate custodian acts as a representative of the corporation and that production of corporate documents is deemed to be an act of the corporation rather that a personal act, thus disallowing the invocation of the personal privilege against self-incrimination. *Id.* at 118, 108 S.Ct. at 2295.[1]

When the legislature enacted Section 29–9–9, they did so knowing about the entity exception. They exhibited no intent to grant any privilege or give immunity to corporations. Logically, why would they give corporations immunity when there was no privilege that would allow the corporation to refuse to produce documents? Extending Section 29–9–9(A) to include corporations would impede the investigatory power of the Commission and it is unlikely that the legislature intended that result.

■ Additional evidence that supports restricting immunity to "natural persons" lies in the latter enactment of the Racketeering Act, NMSA 1978, §§ 30–42–1 to –6 (Repl.Pamp.1989). This Act was enacted in 1980 with full knowledge of Section 29–9–9. In its definition section, the Racketeering Act defines "person" to include corporations. § 30–42–3(B). We note and agree with the federal court principle that the views of later legislatures are of little value in ascertaining the intent of the legislature that passed the legislation in question. *See Mitzelfelt v. Department of Air Force*, 903 F.2d 1293, 1296 n. 1 (10th Cir.1990). Therefore, the definition of "persons" in the Racketeering Act is of little value in interpreting the earlier statute, and we are not required to extend the latter definition of "persons" to the Organized Crime Act. Knowing that the definition of "persons" was extended to corporations in the Racketeering Act, the legislature could have enacted an immunity section in that Act or amended Section 29–9–9 to include immunity to corporations. They did not do so. We are powerless to do that for them.

In view of the foregoing, we hold that the evidentiary privilege against self-incrimination of the Fifth Amendment of the United States Constitution, New Mexico Constitution article XI, § 15, and NMSA 1978, Section 29–9–9, does not apply to appellant corporations or John Doe in his representative capacity. We therefore affirm the district court's Final Order Denying Petition to Quash, Modify or Extend Subpoenas issued on July 9, 1991.

IT IS SO ORDERED.

RANSOM, C.J., and FROST, J., concur.

---

1. *Braswell* left open the question of whether production could be compelled:

"when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records." 487 U.S. at 118–19, n. 11, 108 S.Ct. at 2295, n. 11. Since appellant corporations did not raise the issue, we do not address whether John Doe's act of producing the various corporation's documents has the communicative aspects described in this footnote.