Ms. Virginia B. Wetherell Secretary, Department of Environmental Protection Twin Towers Office Building 2600 Blair Stone Road Tallahassee, Florida 32399-2400
Dear Ms. Wetherell:
You ask substantially the following question:
Does Chapter 471, Florida Statutes, require that a professional engineer employed by the United States Army Corps of Engineers be licensed in Florida in order to secure permits from the Department of Environmental Protection?
In sum:
Chapter 471, Florida Statutes, does not require a professional engineer employed by the United States Army Corps of Engineers to be licensed in order to secure permits from the Department of Environmental Protection.
The Supremacy Clause of the United States Constitution has been interpreted by the courts to preclude a state from requiring a federal employee to be licensed by that state in the absence of a waiver.[1] The federal government, however, has waived federal supremacy under several environmental protection statutes.[2]
Based upon such waivers, the Board of Professional Engineers has stated that federal engineers in this state must comply with the licensure requirements of Chapter 471, Florida Statutes.[3] The United States Army Corps of Engineers (Corps), however, has taken a contrary position, stating that the waiver of sovereignty does not extend to professional regulatory statutes. You ask, therefore, whether the Corps' professional engineers preparing applications for permits from the Department of Environmental Protection (DEP) must be licensed under Chapter 471, Florida Statutes. One federal environmental protection law that waives federal sovereignty is 33 U.S.C. § 1323 of the Clean Water Act. It provides in pertinent part:
Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government . . . (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner.
As an exception from the Supremacy Clause, the above waiver should be narrowly construed.[4] While the Clean Water Act subjects the federal government to state requirements respecting the abatement and control of water pollution, the courts have held that Congress intended the word "requirements" to relate only to pollution standards that a state might impose as part of its environmental program.[5]
Chapter 471, Florida Statutes, regulates the practice of professional engineers. Section 471.003(1), Florida Statutes, provides:
No person other than a duly registered engineer shall practice engineering or use the name or title of "registered engineer"[6] or any other title, designation, words, letters, abbreviations, or device tending to indicate that such person holds an active registration as an engineer in this state.
Section 471.025(1), Florida Statutes, requires that all final drawings, specifications, plans or reports prepared by a licensed engineer to be filed for public record must be signed by an engineer, dated, and stamped with the required seal.
The Legislature has stated that the purpose of the licensure requirement in Chapter 471, Florida Statutes, is that "if incompetent engineers performed engineering services, physical and economic injury to the citizens of the state would result and, therefore, deems it necessary in the interest of public health and safety. . . ."[7] Chapter 471, Florida Statutes, thus, relates to the licensure and competency of engineers practicing in Florida, not the abatement and control of water pollution. The waiver of immunity in 33 U.S.C. § 1323, therefore, does not, in my opinion, extend to the provisions of Chapter 471.
While the federal government has waived its supremacy for purposes of state requirements relating to abatement and control of water pollution, no federal law has been brought to my attention that subjects federal employees, such as those of the Corps, to the licensing requirements in Chapter 471, Florida Statutes, for professional engineers.
Section 403.0877(2), Florida Statutes, grants DEP the discretion to require, by rule, that applications for a permit or license be accompanied by a certification from a professional engineer. With the adoption of Rule 17-4.050(3), F.A.C., DEP has exercised such discretion by stating:
All applications for a Department permit shall be certified by a professional engineer registered in the State of Florida except . . . where professional engineering is not required by Chapter 471, F.S. Where required by Chapter 471 . . . applicable portions of permit applications and supporting documents which are submitted to the Department for public record shall be signed and sealed by the professional(s) who prepared or approved them.
However, as discussed in State of Florida, Department of Environmental Regulation v. Silvex Corporations,[8] the legislative history and case law interpreting analogous waivers have strictly defined the type of state "requirements" respecting the abatement and control of water pollution that may be applied under the waiver of federal sovereignty. Such requirements would include, for example, state pollution standards or limitations, compliance schedules, emission standards, and control requirements. A requirement that applications for permits be certified only by licensed Florida engineers does not relate to water pollution control but rather relates to the regulatory power of the state over licensed professionals.
Accordingly, I am of the opinion that the waiver of sovereignty under 33 U.S.C. § 1323 does not encompass the requirement underMs. Virginia B. Wetherell Chapter 471, Florida Statutes, that professional engineers who are employed by the United States Army Corps of Engineers be licensed in Florida in order to secure permits from the Department of Environmental Protection.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. VI, cl. 2, U.S. Const., which provides:
This Constitution, and the laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.
And see, Johnson v. Maryland, 254 U.S. 51 (1920); Arizona v. California, 283 U.S. 423 (1931); Miller v. Arkansas, 352 U.S. 188
(1956).
[2] See, e.g., 42 U.S.C. § 6961 (Resource Conservation and Recovery Act); 42 U.S.C. § 7418 (Clean Air Act); and33 U.S.C. § 1323 (Federal Water Pollution Control Act).
[3] Section 471.005(7), Fla. Stat. (1993), states that the term "License" means the registration of engineers or certification of businesses to practice engineering in this state.
[4] See, e.g., Department of Energy v. Ohio, 112 S.Ct. 1627, 1633
(1992) (waiver must be unequivocal and must be strictly construed in favor of federal government and not enlarged "beyond what the language . . . requires"); Mitzelfelt v. Department of Air Force,903 F.2d 1293, 1295-1296 (10th Cir. 1990) (courts have consistently held that waivers provided by Clean Water Act are to be interpreted narrowly rather than expansively).
[5] See, e.g., New York State Department of Environmental Conservation v. United States Department of Energy, 772 F. Supp. 91
(N.D.N.Y. 1991), in which the court held that the waiver of sovereignty in the Clean Water Act did not extend to financialMs. Virginia B. Wetherell obligations imposed by the state that relate to the state's environmental program.
[6] See, n. 3, supra.
[7] Section 471.001, Fla. Stat. (1993).
[8] 606 F. Supp. 159, 163, (M.D.Fla., 1985).