This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                   **NO. 27,958**

**CARISSA M.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert E. Robles, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

On appeal, Child makes four claims: (1) that NMSA 1978, Section 32A-2-20 (2005) (amended 2009) is unconstitutional because the issue of amenability must be decided by a jury; (2) that the district court abused its discretion in determining that she is not amenable to treatment; (3) that her sentence was imposed in violation of NMSA 1978, Section 32A-2-17 (2005) (amended 2009) because the district court neither requested nor reviewed a predisposition report from the New Mexico Department of Corrections; and finally (4) that errors in the grand jury proceedings require reversal. We reject Child's arguments and affirm.

**BACKGROUND**

At the age of sixteen, Child attempted to murder her mother and sister. At approximately 2:00 a.m. on March 27, 2006, Child entered her mother's bedroom while her mother was sleeping and began stabbing her repeatedly with a knife. Child's sister was awakened by screams and ran to her mother's bedroom. Child then began stabbing her sister and attempted to slit her throat. At some point, Child's knife broke, and Child's mother ran from the home but collapsed in the driveway, while Child retrieved another knife. Child pursued her mother, found her in the driveway, continued to stab her, and also attempted to slit her throat. At some point Child punctured one of her mother's lungs, causing her difficulty breathing. Her mother

described it as a bubbling, sucking chest wound. Immediately after, Child reentered the home to renew the attack against her sister but found that her sister had barricaded herself in the mother's bedroom. Child fled the scene, ran to a neighbor's home, and told them that an intruder had broken into her home and attacked her family. Child's mother and sister survived the attack, despite having been stabbed twenty and fifteen times respectively.

The State obtained a grand jury indictment against Child on multiple counts, including two counts of attempted first degree murder and two counts of aggravated battery against a household member with a deadly weapon and filed a delinquency petition with a notice of intent to invoke an adult sentence. Child entered into a conditional plea and disposition agreement whereby she agreed to plead no contest to both attempted first degree murder counts and one of the aggravated battery counts. The plea agreement provided that Child was waiving

> any and all motions, defenses, objections or requests which [Child] has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement. [Child] waives the right to appeal the conviction that results from the entry of this plea agreement.

No agreement as to sentencing was contemplated by the plea agreement; however, it did provide the maximum possible sentences for each offense. Pursuant to Section 32A-2-20, the district court held an amenability hearing to determine whether Child

should be sentenced as an adult or juvenile.

At the amenability hearing, the parties made stipulations concerning the applicability of several of the Section 32A-2-20(C) factors including that: Child's offenses are serious; Child committed the offenses in an aggressive, violent, premeditated, and willful manner; Child's offenses were against persons; and Child had a history of committing violent acts against her sister. The State's witnesses included both Child's mother and sister, the police officer who first responded to the scene of the crime, a supervisor at the Las Cruces Juvenile Probation Office, and clinical psychologist Dr. Ned Siegel. Dr. Siegel stated that, in his judgment, a juvenile sentence was inappropriate as this would undesirably limit the amount of time Child would remain institutionalized. Defendant's witnesses included a clinical psychologist and a licensed mental health counselor. Both experts proffered testimony supporting the conclusion that Child is amenable to treatment. The district court took this testimony and all written materials into consideration and, the day after the amenability hearing, issued a written order wherein the court concluded that Child is not amenable to treatment.

A sentencing hearing was conducted several days after the amenability hearing. After receiving sentencing recommendations from the parties, the court sentenced Child to nine years' incarceration for each of the two attempted murder counts, and

three years' incarceration for the aggravated battery count. The court ordered the sentences to run consecutively for a twenty-one-year period of incarceration and further ordered that nine years be suspended for an actual term of twelve years' incarceration followed by two years' parole and five years' probation. The court adopted Child's counsel's recommendations that Child be placed in a therapeutic treatment unit and that Child have therapeutic support during her probation. Child appeals from sentencing.

**DISCUSSION**

**Section 32A-2-20**

In her first argument, Child relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and argues that in order to invoke an adult sentence, the State was required to prove her non-amenability to rehabilitation to a jury beyond a reasonable doubt. The State contends that Child waived the right to raise this objection by entering into the plea agreement and that, in any event, *State v. Gonzales*, 2001-NMCA-025, 130 N.M. 341, 24 P.3d 776, *overruled on other grounds by State v. Rudy B.* (*Rudy B. I*), 2009-NMCA-104, 147 N.M. 45, 216 P.3d 810 controls and the amenability determination was properly made by the district court.

We need not address the State's waiver argument because the State prevails on the constitutional challenge. The issue of who decides the issue of a child's

5

amenability was answered in our Supreme Court's recent ruling in *State v. Rudy B.* (*Rudy B. II*), 2010-NMSC-045, 149 N.M. 22, 243 P.3d 726. There, our Supreme Court examined Section 32A-2-20, evaluated the history of *Apprendi* and its progeny, and determined that "the amenability determination historically has not been made by the jury, [and that] applying *Apprendi* would interfere unnecessarily with New Mexico's traditional discretion in administering a system of juvenile justice." *Rudy B. II*, 2010-NMSC-045, ¶ 59. Accordingly, the Court held that the Sixth Amendment does not require that a jury perform the amenability determination and upheld "from constitutional challenge New Mexico's statutory preference for judge-made amenability decisions." *Rudy B. II*, 2010-NMSC-045, ¶ 2. In light of *Rudy B. II*, we reject Child's challenge to the procedure followed to determine her amenability.

**Abuse of Discretion**

Child next argues that the district court erred when it determined that Child is not amenable to treatment. Though not expressly stated, Child is also challenging the sufficiency of the evidence underlying the court's determination.

"Whether [a d]efendant is amenable to treatment or rehabilitation as a child is a determination ultimately left to the discretion of the district court." *State v. Todisco*, 2000-NMCA-064, ¶ 36, 129 N.M. 310, 6 P.3d 1032 (internal quotation marks and citation omitted); *see State v. Sosa*, 1997-NMSC-032, ¶ 9, 123 N.M. 564, 943 P.2d

6

1017 (same). "We review non-amenability findings for substantial evidence or abuse of discretion." *State v. Trujillo*, 2009-NMCA-128, ¶ 13, 147 N.M. 334, 222 P.3d 1040, *cert. granted*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794. "[A] district court abuses its discretion when its decision is not supported by substantial evidence." *State v. Solano*, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted). Similarly, "[i]n assessing a claim of evidentiary insufficiency, this Court asks whether substantial evidence supports the court's decision." *Gonzales*, 2001-NMCA-025, ¶ 40. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the decision below, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary. *Id.* "It is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses. The court [is] free to disregard expert opinion." *Trujillo*, 2009-NMCA-128, ¶ 18 (internal quotation marks and citation omitted).

Child argues that the district court abused its discretion by purportedly failing to consider evidence bearing on two of the Section 32A-2-20(C) factors: Child's maturity and emotional state, factor five; and the prospects Child could be

rehabilitated if sentenced as a juvenile, factor seven. Specifically, Child claims that the court ignored evidence "establishing that [Child] was emotionally disturbed, severely depressed, and in a dissociative state at the time of the incident" and ignored testimony indicating Child could be rehabilitated by the age of twenty-one. We disagree with Child's assessment that the district court ignored evidence. Rather, as described in this opinion, the district court heard conflicting evidence pertaining to these factors and reconciled that conflict against Child.

As to Child's maturity and emotional state, the district court heard evidence that Child was a good student of above average intelligence and that Child's mother was an appropriate and caring parent. There was also evidence presented that Child planned the attack in advance and that, after the incident, understood what she had done. When asked about this evidence, Dr. Siegel stated that it raised questions about the credibility of Child's assertion that she was acting in a disassociated or confused state when she carried out the attack. As to the likelihood that Child would be rehabilitated by age twenty-one, Dr. Siegel testified that this was an unrealistic expectation and further stated that releasing Child on her own recognizance at that age would pose a significant risk to public safety. Child makes varying references to conflicting expert testimony bearing on these factors. Child's arguments, however, are unavailing because we do not reweigh evidence but merely ask whether substantial

8

evidence supports the conclusion reached. *Gonzales*, 2001-NMCA-025, ¶ 40. As a result, we hold that the district court's determination of Child's non-amenability to treatment was supported by substantial evidence.

**Predisposition Report**

Child next argues that she is entitled to be resentenced because the district court failed to have the New Mexico Department of Corrections prepare a predisposition report prior to sentencing. Specifically, Child argues that Section 32A-2-17(A)(3)(b) directs that once the district court made a finding of non-amenability, the adult probation and parole division of the corrections department was required to prepare a predisposition report. Although the parties appear to agree that the predisposition report was not prepared, the State asserts that there was no error because Child failed to preserve this argument. We agree with the State and explain.

The amenability hearing was held on July 16 and 17, 2007. At the conclusion of the hearing, the court took the matter under advisement with the understanding that it would make its determination within a day or two. The court then proposed to schedule the sentencing hearing on the morning of July 20. At that time, the parties did not object based on the need for predisposition reports, and the matter was scheduled as proposed. The order invoking an adult sentence was filed the afternoon of July 18. The sentencing hearing was held as scheduled.

At the outset of the sentencing hearing, the court inquired whether any preliminary matters required attention. Child responded in the affirmative and requested a "[sixty]-day evaluation in accordance with the statute . . . at the diagnostic center." The State objected, arguing that there was no need for a sixty-day diagnostic in light of all the information and reports presented during the amenability hearing. The guardian ad litem then informed the court that he had spoken with a supervisor from the adult probation and parol office who also recommended a sixty-day diagnostic evaluation "because the Department of Corrections has not had the opportunity to do their own evaluation and determine what alternatives are available." The court referred to the extensive two-day hearing, stated that it did not see what would be gained by a "diagnostic," and denied the request. At no point did anyone cite to a statute and at no time did anyone refer to the report as a predisposition report.

On appeal, Child claims that there was no need to cite to the exact statute because it was clear from the context in which this request was made that there had been no predisposition report and that defense counsel was requesting that one be generated and considered by the court. "To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. While we agree with Child that the failure to cite to the exact statute is not required, the court nevertheless must be made aware of the claimed error

10

in order to rule on it. *See State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) (stating that the defendant must specifically apprise the district court of the claimed error and invoke an intelligent ruling thereon in order to preserve the issue for appellate review).

Section 32A-2-17 refers to a "predisposition report." Child neither mentioned nor requested such a report. What Child did request was a sixty-day diagnostic evaluation with the Department of Corrections. We observe that a sixty-day diagnostic evaluation is referred to in NMSA 1978, Section 31-20-3 (1985), dealing with sentencing of adults. Section 31-20-3 gives the district court a number of options regarding sentencing. Subsection (C) allows commitment of the convicted person

> *to the department of corrections* [*corrections department*] *for an indeterminate period not to exceed sixty days for purposes of diagnosis*, with direction that the court be given a report when the diagnosis is complete as to what disposition appears best when the interest of the public and the individual are evaluated.

(Emphasis added.) It appears that sixty-day diagnostic reports are done in this context.

Although we cannot determine exactly what statute Child was relying on, we agree with the State that Child's request for a sixty-day diagnostic evaluation "in accordance with the statute" did not suffice to alert the trial court to the fact that Child was requesting that the court order and consider a Section 32A-2-17 predisposition

11

report. *See State v. Akers*, 2010-NMCA-103, ¶ 21, 149 N.M. 53, 243 P.3d 757 ("The purpose of the preservation requirement is to alert the trial court to the defendant's argument." (internal quotation marks and citation omitted)). Indeed, it appears that the district court understood Child's request to be for a diagnostic evaluation as the court specifically stated that it doubted "there would be anything to by gained by a diagnostic[.]" Accordingly, we hold that Child failed to preserve her argument relating to Section 32A-2-17. As Child has not argued fundamental error, we decline to address this issue further.

**Grand Jury Indictment**

Lastly, Child argues that the State failed to present evidence disproving a material element of the charges at the grand jury proceeding and, as such, claims that the indictment must now be dismissed and Child's conviction reversed. This argument is without merit. As noted above, Child's plea and disposition agreement provides that she waived "any and all motions, defenses, objections or requests which the defendant has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence," and waived "the right to appeal the conviction that results from the entry of this plea agreement." The plea agreement precludes Child from attacking her conviction on grounds that the indictment is allegedly defective. *See Baird v. State*, 90 N.M. 667, 670, 568 P.2d 193, 196 (1977)

(observing that a waiver agreement nearly identical to the one in the present matter precluded the defendant from attacking defects in the grand jury proceedings and also observing that a "plea of no contest itself operate[s] as a waiver of [the] defendant's right to object to [any] claimed statutory defects in the grand jury proceedings").

**CONCLUSION**

We affirm the district court's amenability determination, conclude that Child failed to preserve her argument relating to Section 32A-2-17, and reject Child's arguments concerning the grand jury indictment. The sentence imposed is affirmed.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____

**CYNTHIA A. FRY, Judge**